TENNEY, Appellant, vs. COWLES, Respondent.

*December 15, 1886 — January 11, 1887.*

*Sale of chattels: Warranty.*

A mere expression of opinion, not intended as an inducement to the sale or to be relied upon by the buyer, does not constitute a warranty.

APPEAL from the Circuit Court for *Dane* County.

Action for a breach of warranty. The facts will sufficiently appear from the opinion. There was a verdict for the defendant; a motion for a new trial was denied; and from the judgment entered on the verdict the plaintiff appealed.

For the appellant there was a brief by *Tenney, Bashford & Tenney*, and oral argument by *Mr. Bashford*.

For the respondent there was a brief by *Pinney & Sanborn*, and oral argument by *Mr. Pinney*.

ORTON, J. The appellant alleges substantially, in his complaint, that in the negotiation for the purchase (and which resulted in the purchase) of a stock of crockery and a lot of store fixtures in gross, the respondent *warranted* that said stock of goods then on hand, which he desired to sell, together with the fixtures (the cost of the latter being fixed at $300) had cost him, or those from whom he purchased, from $3,500 to $4,000; that the cost marks on said goods

would so show upon inventory of said goods, and that he would guarantee the same to inventory at such cost at $3,500; and that he, the appellant, relied upon such warranty and purchased such stock and fixtures from the respondent for $1,500. As a breach of said warranty, the appellant alleged that, upon such inventory being made, the cost of said stock and fixtures was found to be of the cost of only $2,241.98, instead of the quantity and cost as warranted. The answer was a general denial. The jury found for the defendant, and, having so found, any alleged errors in the charge of the court as to the rate of damages are immaterial.

On a most thorough examination of the evidence, we are compelled to hold that the motion for a new trial on the ground that the verdict is contrary to it ought not to have been granted, and that the circuit court committed no error in overruling it. Without quoting the testimony of the defendant, we think we are warranted in saying that it most emphatically disputes and directly contradicts the testimony for the plaintiff as to his making the warranty alleged, and, giving it its strongest effect as against himself, he evidently used no language at the time of his negotiation for the sale of said stock to the plaintiff that would amount to a warranty. He admits only that, when asked how much he supposed the goods would amount to, he said that he *thought* there ought to be somewhere from $3,500 to $4,000; but states that when asked if he would *warrant* that much he replied, " No, sir," and that he did not know how much there was, but *thought* there ought to be that much. This falls short even of a mere expression of opinion. The plaintiff's evidence made out a warranty, and the defendant's evidence as strongly disputes and contradicts it. Here is a direct conflict in the evidence on the main issue in the case. In such case, it was the peculiar province of the jury to determine whether the plaintiff had made out his case by

a preponderance of the evidence, if they could not reconcile the conflict. It was a question of credibility and the weight of testimony. In such a case, this court, as it has often decided, would not be warranted in disturbing the verdict.

There are only two exceptions to the instructions of the court to the jury on the main issue. The first is a direct exception to the following instruction, viz.: "If the statement of the defendant amounted to a mere expression of opinion that there was a certain quantity or amount of goods in the stock at cost marks, and the purchaser had an opportunity to see, and did see and examine, the goods for himself, then it was not a warranty." The second exception was to the order overruling the plaintiff's motion for a new trial, based upon the ground "that the remark of the court as above quoted, tended to prejudice the plaintiff's claim in the minds of the jury." If I understand what is meant by "the remark of the court as above quoted," it was as follows: "I have given you a stronger instruction than that, by leaving off the whole clause. I have said, irrespective of the question whether the purchaser had a chance to take an inventory of the goods or not, if you find that what was said amounted to a mere expression of opinion, there was no warranty." The instruction and the remark are substantially alike.

This court in *Austin v. Nickerson*, 21 Wis. 542, used this language in the opinion of the present chief justice: "For it seems to us that if the jury were satisfied from the proof that the representations in regard to the horse were understood and intended at the time of the exchange to be, *not a mere expression of opinion*, but a positive assertion of a fact upon which the defendant relied, it would amount to a warranty;" and, again: "If any word of affirmation is used in such a manner as to show that the party expects or desires the other party to rely upon the assertion as a matter of fact, instead of taking it as an *expression of the judg-*

Tenney vs. Cowles.

*ment or opinion* of the vendor, it amounts to a warranty."
I have scored the words in these clauses which appear to be
similar language to that in the above instructions, to show
their pertinency.

The court, in its general instructions to the jury in this
case, said: "As I understand it, any representations made
by a seller to a buyer, . . . sometimes, I think, in re-.
gard to quantity,— made with the intention of having them
relied upon by the purchaser, and govern him or influence
him in any manner in making a purchase,— amount to a
warranty, . . . *but mere expressions of opinion* would
not amount to a warranty." If there is any difference be-
tween this instruction and the above opinion on the same
matter, this instruction is the most guarded and most favor-
able to the vendee or the plaintiff in this case. That mere
expression of opinion is not a warranty is the common re-
mark of all authors and courts, but generally explained as
in the above opinion and in this instruction. Any repre-
sentation of fact made to induce the sale and to be relied
upon, and which is relied upon, by the buyer, is a warranty.
We think the jury were competent to understand the dis-
tinction, and must have found in this case that whatever
they found the defendant did say was not said as an in-
ducement to the sale or to be relied upon by the plaintiff as
the buyer. We do not think that any of the instructions,
when read together, were erroneous or could have misled
the jury as to what constituted a warranty. If the above
opinion of this court needs support, reference can be had to
the citations in respondent's brief. Story on Sales, § 300,
and cases cited; 1 Parsons on Con. 580.

We can find no error in the record that is material.

*By the Court.*— The judgment of the circuit court is
affirmed.