R. M. Cole v. H. G. Carter.

Decided January 17, 1900.

**1. Pleading—Special Demurrer.**

Plaintiff, who sought damages for expenses of treatment and loss of time in attending to sick animals sold him with false representations of soundness, could be required, on special demurrer, to specify the sums so paid and time spent.

**2. Sale—Representations of Soundness—Charge.**

Defendant in an action for damages by reason of false representations of the soundness of animals sold by him, was entitled to requested charges affirmatively stating his right to a verdict upon a finding establishing his nonliability.

**3. Same—Burden of Proof.**

A charge on the burden of proof in an action for damages by false representations of the soundness of animals sold should require plaintiff to show that defendant made the representations charged and that they were relied on by plaintiff, as well as that they were untrue; but it should not require a finding that they were made with intent to deceive or that representations not necessary to a recovery were made.

**4. Sale—Representations—Opinion.**

If the representations made by the seller are intended and understood as the mere expression of an opinion, the seller is not liable, though they may have been untrue; but when intended and understood as the affirmation of a material fact, and relied upon as true, the seller will be held liable if they are false; their purpose, when not manifest and certain, being a question for the jury.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

*Martin & Eddins* and *Simmons & Crawford*, for appellant.

*Z. I. Harlan* and *Rice & Bartlett*, for appellee.

Key, Associate Justice.—This is an action to rescind a contract of sale and recover the consideration paid for 193 hogs, upon the ground that they were diseased at the time of the sale and were represented by the seller to be sound. This is the second appeal, and some of the questions now involved were decided against appellant upon the former appeal. 42 S. W. Rep., 369. At the last trial in the court below, the plaintiff recovered judgment and the defendant has appealed.

Among other items of damage set up in the plaintiff's petition was $113.25 "for money alleged to have been paid by him to some one skilled in the treatment of diseases of hogs; and for the value of plaintiff's own time and that of his servants, in attention to said hogs and in removing same as fast as they died; and also a considerable sum for food and medicine."

The defendant addressed a special exception to this part of the petition because it is vague and indefinite, and the matters of expense are not itemized and dated. We think the court erred in overruling this exception. The defendant had a right to be apprised by plaintiff's pleading of the amount expended for each of the several items referred to, as well

as the approximate time occupied by himself and his servants in attending to the hogs.

The court refused the following instruction requested by the defendant: "If you believe from the evidence that the hogs in controversy were sound and free from disease at the time of the sale to plaintiff by defendant, though you believe that said hogs began to die very soon after said sale and continued to die until all of said hogs died, yet you should find for defendant.

"You are instructed that if defendant's agent, R. W. Cole, made false representations to plaintiff as to the soundness of the hogs, but if you further believe from the evidence that said statement did not induce plaintiff to purchase the hogs, but that he bought them on his own judgment, after a personal inspection, then you should find for the defendant."

This charge, or one of similar import, should have been given. It presented to the jury in an affirmative manner two theories relied upon by the defendant, a finding in his favor upon either one of which would have entitled him to a verdict and judgment establishing his nonliability. These theories of the case were not affirmatively presented in the court's charge, and it was error to refuse the special charge.

Appellant's requested instruction on the burden of proof was too broad, because it might be construed to mean that the jury must find the false representations to have been made with intent to deceive; and because it required a finding that the defendant represented the hogs to be sound and free from disease, and *"that no disease prevailed among the hogs on the range from where said hogs were brought,"* etc. It was held on the former appeal that it was not essential to the plaintiff's right to recover that the false representations should have been made for the purpose of deceiving; and certainly, if the defendant falsely represented that the hogs were sound and free from disease, it was not necessary, to entitle the plaintiff to recover, to show that he also represented that no disease prevailed among the hogs on the range from where these were brought. However, the court's charge on the burden of proof is too restricted, as it simply places upon plaintiff the burden to show that the hogs were diseased at the time they were sold to him. In addition to this, the burden rested upon him to show that the defendant made the representations charged, that they were false and relied upon by the plaintiff.

The fourth and ninth special instructions requested by appellant and refused by the court, were to the effect that if the jury should find that defendant's agent who negotiated the sale represented to the plaintiff that the hogs were sound and free from disease, in so far as he knew; and, as a matter of fact, the agent believed the hogs to be sound and free from disease, then to find for the defendant, although the hogs may not have been sound and free from disease at the time of the sale.

As we understand the law upon the subject, if the representations made by the seller were intended and understood as the mere expression

of an opinion, then the seller is not liable, although the representations may have been untrue. But when the representations, in whatever language they may be couched, are intended and understood as the affirmation of a fact material to the transaction, and the purchaser relies upon them as true, the seller will be held liable if they be false. And when the representations are not in writing, and their purpose is not manifest and certain, the question should be left to the jury to determine whether or not the language used was intended and understood as the affirmation of a fact, or the mere expression of an opinion. 2 Pom. Eq., sec. 878; Newton v. Ganss, 7 Texas Civ. App., 90; Brown v. Freeman, 79 Ala., 406; Austin v. Nickerson, 21 Wis., 549; Tenney v. Cowles, 67 Wis., 594.

We think this rule applies to this case; and if the representations were as testified to by R. W. Cole, appellant's agent, it should have been left to the jury to determine whether such representations were intended as an affirmation of the soundness of the hogs, or as the mere expression of an opinion on that subject. The instructions referred to did not conform to this rule, and were properly refused.

On the other points presented in the briefs, we rule against appellant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*