### PUGH v. WERNER. (No. 334.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1914.)

1. APPEAL AND ERROR (§ 219*)—REVIEW—PROCEEDINGS IN TRIAL COURT.

Where findings of fact and conclusions of law are filed, but there are no exceptions to the findings or request for additional findings, the court of appeals will only inquire whether the pleadings sustain the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. § 219.*]

2. STATUTES (§ 267*)—CONSTRUCTIONS—REMEDIES AND PROCEDURE.

Acts 33d Leg. c. 127, amending Rev. St. 1911, arts. 1827, 1829, 1902, providing for judgment as by confession in case a paragraph of an answer alleging matter in bar is not denied or excepted to, had no application to an amended answer filed prior to the date when the act took effect.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350–359; Dec. Dig. § 267.*]

Appeal from Reeves County Court; H. N. McKellar, Judge.

Suit by R. G. Werner against Spencer B. Pugh. Judgment for plaintiff, and defendant appeals. Affirmed.

Spencer B. Pugh, of Pecos, for appellant. J. A. Buck, of Pecos, for appellee.

HARPER, C. J. This suit was brought by appellee, R. G. Werner, against appellant, Spencer B. Pugh, and others, for the recovery of certain personal property. The other parties defendant having filed disclaimers, the case went to trial against Pugh alone. Appellee's petition contained the usual allegations necessary to recover for conversion of personal property. The appellee secured his writ of sequestration, and the property was levied on by the sheriff, and appellant replevied. Appellant answered by general demurrer, general denial, and specially pleaded that at the time the suit was filed the property sued for was in the possession of the district court of Reeves county by and through its receiver of the Arno Co-operative Irrigation Company in a suit instituted by said Werner; that at the time of institution of this suit the receiver had not been discharged; and that long after this suit was filed the district court by its order delivered the said property to appellant as the president of said corporation. Cause was tried by the court without a jury. Judgment rendered for the property, and, in the event it was not forthcoming, for $799 as the value thereof, etc.

The first and second assignments of error charge that the court erred in rendering its judgment in favor of appellee and in not rendering judgment for the appellant because the undisputed evidence showed that at the time of the institution of this suit appellant was not in possession of the property sued for, but that it was in the possession of a receiver of the irrigation company, appointed by the district court.

[1] The trial court, upon request of appellant, filed findings of fact and conclusions of law. There is no finding among those filed by the court upon the question raised, but in the absence of an exception to the findings as filed, and a request for additional findings, this court will only inquire into whether the pleadings justify the judgment, and we so find. Continental Ins. Co. v. Milliken, 64 Tex. 46; Gardner v. Watson, 76 Tex. 25, 13 S. W. 39; Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919.

[2] The third assignment charges that "the court erred in overruling appellant's motion for judgment by confession on the ground that paragraph No. 4 of appellant's answer had not been excepted to or denied as required by Acts of 33d Leg. amending articles 1827, 1829, and 1902, p. 256. This statute has no application to this case for the reason that the answer of appellant upon which he relies was filed before the statute went into effect. The amended answer relied upon was filed in July, 1913, and the statute invoked went into effect September 1, 1913.

There being no error in the record, the cause must be affirmed, and it is so ordered.

Affirmed.