FOWLER v. CARLISLE. (No. 7388.)

(Court of Civil Appeals of Texas. Dallas. Oct. 16, 1915.)

1. SALES ⬥53—REPRESENTATION — FACT OR OPINION—QUESTION OF FACT.

Whether a representation made by a seller was intended by him and understood by the buyer as an affirmance of a fact or a mere expression of opinion, in which latter case it, though untrue, is not ground for rescission, is a question of fact for the jury, or for the court exercising his jury function.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 145–151; Dec. Dig. ⬥53.]

2. APPEAL AND ERROR ⬥731—ASSIGNMENTS OF ERROR.

Any assignment of error without support in the court's conclusions of fact, and which fails to challenge the correctness of such conclusions, presents no error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. ⬥731.]

Error from Wood County Court; R. E. Bozeman, Judge.

Action by M. E. Fowler against J. A. Carlisle. Judgment for defendant, and plaintiff brings error. Affirmed.

Jones & Jones, of Mineola, for plaintiff in error. Harris & Britton, of Quitman, for defendant in error.

---

RASBURY, J. In the court below plaintiff in error sued defendant in error to rescind a contract of sale and purchase entered into between the parties, and to recover the price paid for two mules on the ground that defendant in error had warranted them to be sound and strong while in fact one of the mules had been crippled when a colt and as a consequence was incapable of doing farm work for which defendant in error had warranted them. There was trial, without jury, resulting in judgment for the defendant in error, from which judgment this appeal was taken. The record contains no statement of facts, but the issues presented in the brief of plaintiff in error are based, as to the necessary facts, upon unchallenged conclusions of fact prepared and filed by the trial judge. These conclusions, essential to a consideration of the issues presented, are, in our own language and arrangement, in substance, as follows: Defendant in error raised the mule in question. When it was a few days old it was, in some manner unknown to defendant in error, injured and crippled in its hip, and as a result of such injuries limped for three or four months, defendant in error being aware of both the injury and the consequent limp. Plaintiff in error, who lived in Smith county, distant about 20 miles from defendant in error's home in Wood county, went to the latter's home and purchased the mules, together with harness for each, paying therefor $475, which was the fair market value of the mules and harness. At the time of the sale defendant in error had, for a period of 2½ or 3 years worked the mule at all kinds of farm work without it ever having shown any lameness or hurt from the injury received when a colt, though the condition of the hip, as a result of the old injury, rendered it more susceptible to other injury, and at the time of the sale was, as matter of fact, sound for all kinds of farm work, but showed a slightly low hip. While plaintiff in error was examining the mule he remarked to defendant in error "that hip looks a little low," to which defendant in error replied, "I can hardly tell it, can you?" Plaintiff in error also asked defendant in error if the mule had been hurt or lame in that leg, to which defendant in error replied, "He has never been lame on me," which last statement plaintiff in error believed. Defendant in error did not inform plaintiff in error, nor was he informed otherwise, that the mule had been hurt when a colt, but such omission was not the concealment of a latent defect. The mule's low hip was open and patent, and was observed by plaintiff in error before he purchased the mule. He had noticed the mule resting its leg, with low hip, while in harness. At the time of the purchase plaintiff in error was accompanied by his father-in-law, who lived near defendant in error, and had known the mules all their lives, examined them at the time of the purchase, and

179 S.W.—34

would have purchased them himself, although he had known of the injury to the mule when a colt. At the time of and before the sale was concluded, plaintiff in error requested defendant in error to guarantee the mules, but defendant in error refused to do so, and did not make any warranty as to the soundness or condition of the mules. Defendant in error did tell plaintiff in error that the mules were sound, but, having refused to guarantee them, such statement was made and accepted as the opinion of defendant in error, based upon his knowledge of the mules and not as a statement made to induce plaintiff in error to purchase. Nor was the statement that the low hip had never hurt or lamed the mule of defendant in error a false representation. After the purchase plaintiff in error put the mules upon road work too heavy for them, and in a few weeks thereafter the mule in question became lame in the low hip, since which time he has been unable to do regular farm work without showing lameness. At the time of trial the mule had an abnormal or enlarged condition of the bone near the hip joint, which could have been produced by a blow, strain, or overwork, and which will decrease the value of the mule approximately one-half, but the court was unable from the evidence to ascertain the cause of such condition.

[1] The first error assigned, and which, in effect, reviews all issues covered by all other assignments, is that the court in view of its findings of fact erred in rendering judgment for defendant in error. The proposition first urged is that when the vendor asserts that an animal offered for sale is not, as matter of fact, injured in a respect particularly inquired about, and it subsequently develops that the statement is untrue, the vendor is liable as in case of express warranty, notwithstanding there was an express refusal to warrant in any respect. Without attempting a discussion as broad as the proposition asserted, or conceding its entire correctness, and without attempting to recite all the exceptions or variations of the rule as stated, one of the well-settled exceptions in such cases is that the intention of the vendor in making such representation and the understanding of the representation by the vendee is a fact of prime importance in determining the right to rescind in such cases. And, it may be added, the intention of the vendor, and the understanding of the vendee, is a question of fact to be determined by the jury under appropriate charge by the court. In Cole v. Carter, 22 Tex. Civ. App. 457, 54 S. W. 914, it was said:

"As we understand the law upon the subject, if the representations made by the seller were intended and understood as the mere expression of an opinion, then the seller is not liable, although the representations may have been untrue. But when the representations, in whatever language they may be couched, are intended and understood as the affirmation of a fact material to the transaction, and the purchaser relies upon them as true, the seller will be held

liable if they be false. And when the representations are not in writing, and their purpose is not manifest and certain, the question should be left to the jury to determine whether or not the language used was intended and understood as the affirmation of a fact, or the mere expression of an opinion."

Applying the rule stated in the instant case, it will be seen, by reference to the court's conclusions of fact, that the court, not only found that defendant in error's statement in reference to the particular injury inquired about, i. e., the injury to the hip, was not a false representation, but that all representations made as to the soundness of the mules were opinions of defendant in error, and so understood and accepted by plaintiff in error. Such being the conclusions of fact by the court while in the exercise of his jury function, the assignment discloses no error, since such conclusions are not challenged, neither does the record contain a statement of facts upon which such challenge might be based.

It is next urged as a proposition of law that it is the duty of the vendor in the sale of personal property to disclose to the vendee all latent defects affecting the value of the article sold. It is asserted in such connection that the defendant in error not only failed in such duty, but concealed a latent defect in one of the mules. To sustain this claim plaintiff in error relies upon the finding of the court that defendant in error, when one of the mules was a colt, discovered it in an injured and crippled condition in the hip, due to causes unknown to defendant in error, and from which injury it limped for three or four months, notwithstanding which defendant in error at the time of the sale in effect stated that he could hardly notice the low hip, and that the mule never had gone lame on him. The court, however, in its conclusions of fact further found that such action of defendant in error was not the concealment of a latent defect, for the reason that the defect was open and patent and was observed by plaintiff in error. Further, the court found also that what defendant in error said concerning the effect of the injury on the mule was not a false representation. In other words, that defendant in error stated the truth when he represented to plaintiff in error that the low hip had never hurt the mule or caused it to limp while owned by defendant in error. Thus, while the rule of law stated by plaintiff in error may be conceded to be correct, it also has no support in the facts, and fails to disclose reversible error.

[2] The next proposition is, in effect, that the making of a false statement concerning the condition of personal property, which induces the purchase thereof, is ground for rescission. Generally speaking, the rule as stated is correct. The difficulty, however, lies in the fact that the proposition is also not supported by the court's conclusion. The

effect of the court's findings is that all representations made by defendant in error were merely the expression of his opinion, and that he never intended more than that, and that the plaintiff in error so understood it. Such being the condition of the record, any assignment without support in the court's conclusions of fact, or which fails to challenge the correctness of such conclusions in a proper manner, does not constitute reversible error.

For the reasons stated, the judgment is affirmed.