**CARRINGTON et al. v. CARRINGTON.**
(No. 8029.)

(Court of Civil Appeals of Texas. Galveston.
April 8, 1921.)

**1. Appeal and error ⟝731(5) — Assignment attacking court's conclusion of law insufficient to present sufficiency of evidence.**

Under rules 24, 29, and 30 of the Courts of Civil Appeals (142 S. W. xii, xiii), assignments of error attacking the court's conclusion of law that defendants and their predecessors had not established title by limitation were insufficient to warrant a review of the evidence on that issue.

**2. Adverse possession ⟝114(1)—Evidence insufficient to establish defendants' title by limitation.**

In an action to quiet title to land, where defendants set up title by limitation, evidence *held* insufficient to establish such title not showing an actual, visible, adverse, continuous, and exclusive possession by defendants' predecessor under claim of right which would ripen into title under Rev. St. arts. 5674, 5675.

Appeal from District Court, Leon County; J. A. Platt, Judge.

Action by S. H. Carrington against F. M. Carrington and others. From a judgment for plaintiff, defendants appeal. Affirmed.

B. D. Dashiell, of Jacksonville, and Joe H. Seale, of Centerville, for appellants.

R. J. Randolph, of Madisonville, and Lewis & Dean, of Navasota, for appellee.

GRAVES, J. The suit here involved the title and right of possession to two tracts of land in that part of the Marquez 11-league grant lying in Leon county, Tex., one of them consisting of 416 acres out of the fractional section 14, the other 158 acres out of section 58.

Appellants claimed all of both tracts under the statute of 10 years' limitation, and a portion of the 416 acres under the 5-year statute as well, while the appellee relied upon a regular chain of record title to both from and under the sovereignty of the soil, and also averred that appellants, by reason of their conduct in knowingly allowing him to buy the J. T. Mason title to the land for $1,000, under acquiescence upon their part in the validity of that title and agreement to aid appellee in reducing the land to possession thereunder, without mention of any intention to set up a right thereto in themselves, were estopped to claim the same adversely to him.

The court below, trying the cause without a jury, not only held the legal title to be in the appellee, but, after fully reciting the detailed facts supporting it, stated as a conclusion of law upon appellants' pleas of limitation:

"There has not been an actual, visible, adverse, nor exclusive possession of the land in controversy by the defendants for a period of either 5 or 10 years such as would entitle them to hold the land under their pleas, or either of such pleas, nor any part of such land."

Judgment went accordingly for the appellee.

In this court the finding that appellee had the legal title to all the land is not attacked, and appellants in their brief filed here also concede that their pleas of limitation to the 158 acres were not good, so the sole issue left upon appeal is: Was the evidence sufficient to support the trial court's conclusion that no limitation had been shown as to any part of the 416-acre tract? •

[1] We do not think appellants have properly raised the question here. They present only two assignments of error, neither of which in any way attacks any of the fact findings of the trial court upon which its deduction that limitation had not been shown rested, but both complain alone of the above-quoted legal conclusion, because, they say, the evidence shows they had had possession of the character and for the time required to give them the limitation they claimed. The evidence is then appealed to by way of statement as substantiating the assignments thus advanced rather than the stated conclusion of the court. The effect of this is to leave all the findings of the trial court upon the facts, of which there were as many as 60, unchallenged. Fowler v. Carlisle, 179 S. W. 528; Pugh v. Werner, 166 S. W. 698; rules 24, 29, and 30 for Courts of Civil Appeals (142 S. W. xii, xiii).

[2] If this matter were waived, however, and the assignments considered on their merits, neither could prevail, because a careful examination of the statement of facts discloses ample evidence to support both the finding of fact and conclusion of law that no limitation was shown.

R. W. Barkley was the predecessor in tenure of appellants, and the possession they asserted was that by and under him. The salient features of the court's findings are, in substance, that Barkley did not specifically claim the 416 acres of land; that about 17 years ago he placed a panel of fence and a gate across a lane near the town of Marquez, and ran a string of fence from the fence of O. J. Syfrett to one Cole's, and by fences of O. J. Syfrett, D. W. Carrington, Luther Downs, Hinch Winn, Cole, other fences owned by himself, and fences belonging to a number of other people who own lands adjoining; an inclosure was effected taking in anywhere from 2,200 to 3,000 acres of land, including a 300-acre tract belonging to Sidney Myers, about 70 acres belonging to O. J. Syfrett, the 416 acres and the 158 acres in controversy in this suit, the tract of land in the northeast corner of fractional section 14, and not claim-

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed by the appellee herein, and other lands not belonging to Barkley, nor to any one who is a party to this suit; that neither the gate nor the fence erected by Barkley touched the 416-acre tract; that Syfrett's cattle were frequently within the inclosure, and the cross-fence running from his fence to Cole's was on his land, and there was a gap in it which could be opened and closed; all of these fences were frequently down, because of the fact that the Navasota river is a turbulent stream, and Barkley was not diligent about repairing his fences. Lainer's hogs ran in the pasture, and he frequently went in there hunting for them; and Molly Spurling's cattle would go in there. The cross-fence built by Barkley was frequently down, and the gate left open.

No witness testified that R. W. Barkley ever specifically claimed the 416 acres, the 158-acre tract of land, the 85-acre tract of land, nor any other specific land within the inclosure.

Barkley allowed the fencing of the 300-acre tract of land belonging to Sidney Myers by F. M. Carrington, and made no protest. He allowed the fencing of the 158-acre tract of land by Buck Winn, and about three years ago F. M. Carrington fenced in with his lands all of the 416 acres save and except the 168 acres and the 85 acres claimed in the answer of the Barkleys, and so far as shown, Barkley made no effort to keep him from doing so, though he did protest as to the fencing of the 158 acres, and said it was encroaching on him.

In addition, findings 55 and 58 were as follows:

"55. The plaintiff herein had bought what was known as the Boynton claim to this land, and R. J. Randolph had bought, or was attempting to buy, the Mason title when he approached R. W. Barkley with regard to the land. Mr. Barkley told Mr. Randolph that he claimed the 158 acres under his purchase from Hinch Winn, but asserted no claim to the 168 acres nor the 85 acres. And after this conversation with R. W. Barkley, the plaintiff herein, with knowledge of it, paid the purchase price of the land to the agents of J. T. Mason."

"58. S. H. Carrington took a surveyor, and went upon the 416 acres of land before buying the Mason title, had the lines carefully run and located, made special investigation to see if there was any one in possession of the land; he found the Cole pasture fence on the west, the fence on the south of the 158 acres on the north, but found no other fences touching the land, and saw no evidence of possession or use such as to put him on inquiry as to whether any one was claiming the land. He did not know that Mr. Barkley was claiming, and in possession of, the 158 acres, and that he claimed it under the purchase from Hinch Winn, but had heard of no claim of his to any part of the 416-acre tract."

As stated, there was no lack of supporting proof. Manifestly, under this state of facts,

there was no such actual, visible, adverse, continuous, and exclusive possession of this land under a claim of right hostile to that of the holder of the legal title—as ripened into a title in appellants by limitation. R. S. arts. 5674, 5675, and 5681; Kimbro v. Hamilton, 28 Tex. 560; Chance v. Branch, 58 Tex. 490; Bracken v. Jones, 63 Tex. 184; Parker v. Baines, 65 Tex. 605; Lumber Co. v. Kennedy, 119 S. W. 884; Holland v. Nance, 102 Tex. 177, 114 S. W. 346; Houston Oil Co. v. Stepney, 187 S. W. 1078; Richards v. Smith, 67 Tex. 613, 4 S. W. 571. The judgment has been affirmed.

Affirmed.

---

⚫⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes