**WELLS, STILLWELL & SPEARS v. MASON. (No. 1561.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1924. Rehearing Denied Feb. 21, 1924.)

**1. Pleading �köç8(7)—Allegation not objectionable as conclusion, though other wording would have been more specific.**

In an action for breach of a contract to furnish teams and tools "necessary for the cultivation" of a cotton crop, an objection to an allegation that defendant failed to furnish "implements and teams" necessary, etc., as a conclusion was not improperly overruled, though "planters and teams" would have been more specific.

**2. Damages ⊙141 — Petition for breach of contract need not set out legal measure of damages.**

In an action for breach of a contract to furnish teams and tools "necessary for the cultivation" of a cotton crop, the petition need not set out a proper legal measure of damages, but only the facts essential to a cause of action.

**3. Trial ⊙260(9)—Refusal to give instruction cured by special instructions covering same point.**

In an action for breach of contract to furnish teams and tools "necessary for cultivation" of a cotton crop, the court's refusal to charge as to contributory negligence in failing to keep the ditches free from weeds, required by the contract, was cured by giving defendant's special charges covering the same issue.

**4. Trial ⊙350(4)—Contract required furnishing teams and tools for cultivation of cotton crops when needed, and question of ordinary diligence not involved if contract was breached.**

Under a contract to furnish teams and tools "necessary for the cultivation" of a cotton crop, a planter, if necessary to cultivation, had to be furnished whenever needed, and in an action for failure to do so defendant's exercise of ordi-

nary diligence to furnish one was not a proper issue for the jury.

**5. Landlord and tenant ⬡⟹331 (6)—Findings of breach of contract to furnish tools and teams held sustained by evidence.**

In an action for breach of contract to furnish teams, tools, and water "necessary for the cultivation" of a cotton crop, jury findings of damages by reason of late planting and defendant's turning off the irrigation water *held* sustained by evidence.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by W. H. Mason against R. J. Wells, Charles Stillwell, and J. R. Spears, doing business as Wells, Stillwell & Spears. Judgment for plaintiff, and defendants appeal. Affirmed.

Burges & Burges, of El Paso, for appellants.

Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. W. H. Mason brought this suit against R. J. Wells, Charles Stillwell, and J. R. Spears, a partnership doing business and contracting as partners under the firm name of Wells, Stillwell & Spears, to recover damages for breach of contract to furnish him teams, tools and water for the cultivation in cotton of 35 acres of land.

Without stating the contract at length, after the formal parts designating Wells, Stillwell & Spears as a copartnership and that Mason was to farm and cultivate for Wells, Stillwell & Spears for the year mentioned the 35 acres of land described, the contract provided that Wells, Stillwell & Spears were to furnish the land, seed, feed, teams, and tools necessary for the cultivation and harvest of the crops upon the land; Mason was to furnish all labor necessary in preparing the soil, planting and cultivating the crop, irrigating it and bringing it to maturity, harvesting and preparing it for market, pay for sufficient water to irrigate the crop, keep out obnoxious weeds, and as compensation therefor Mason was to receive one-half of the gross proceeds of the cotton produced.

Mason alleged that he prepared the land for planting and irrigated it, but that defendants failed to furnish the necessary implements and teams to complete the planting of the cotton seed, and was delayed thereby some two weeks, during which time the land lost the necessary moisture, and the crop was delayed in maturing, and that the delay in furnishing the implements caused some of the crop not to come to maturity; also, that at a time when the cotton should have been irrigated and when he was in the act of irrigating the land defendants wrongfully cut off the water and refused to allow him to obtain the water for a period of some six days; and that by reason of the matters complained of his crops were damaged in the amount stated.

Defendants answered by exceptions, general and special, general denial, and special denials.

The case was tried by the court sitting with a jury, and submitted upon special issues. On the issues submitted the jury found, substantially as follows:

(1) Defendants failed to furnish plaintiff a planter when such planter was reasonably required in the planting of the cotton.

(2) As the natural and probable consequence of such failure plaintiff raised less cotton than he would have raised had the planter been furnished when reasonably required.

(3) At the time of entering into the contract it was reasonably in the contemplation of the parties that a failure to supply implements reasonably required would lessen the yield of the crop plaintiff had contracted to raise.

(4) The sum of $150 would reasonably compensate plaintiff for the damages resulting to him from the failure to furnish the planter.

(5) Defendants, by turning the water out of the ditch, deprived plaintiff of water when same was reasonably necessary for the proper growing of the cotton.

(6) Depriving plaintiff of the water damaged the cotton.

(7) The sum of $600 would reasonably compensate plaintiff for the damage sustained (by turning the water out of the ditch).

To questions submitted at request of defendants the jury found:

B. Plaintiff did not keep his canals and ditches free from weeds and obstructions to the flow of water.

C. The failure to keep the canals and ditches free from weeds and obstructions did not operate to hinder or prevent plaintiff from obtaining a flow of water with which to irrigate his crops.

D. The failure of plaintiff to keep the canals and ditches clean did not render it necessary to stop the flow of water in the ditches in order to clean them.

Judgment was entered for plaintiff Mason in the sum of $750, to which defendants duly excepted and gave notice of appeal.

## Opinion.

[1] The contract between plaintiff and defendants, and set out in the petition, obligated appellants to furnish "teams and tools necessary for the cultivation and harvest" of the crop. Plaintiff alleged that defendant wholly failed to furnish the necessary implements and teams to complete the planting of said cotton seed, and plaintiff was compelled to wait approximately two weeks,

waiting for the necessary implements and teams to plant said cotton. To the above portion of the petition defendants directed a special exception to so much of the petition as seeks recovery of damages in planting seed, "for the reason that it contains no allegation of fact, but is a mere allegation of a conclusion of the plaintiff."

We think the court was not in error in overruling the exception. It might have been more specific and definite to have used the word "planter," or "cotton planter," instead of "implement," as the planter was the tool desired and to which the evidence referred as not furnished. To say that the planter and teams were necessary to complete the planting of the cotton seed is the statement of a fact and not a conclusion. Had the pleader stated facts or circumstances from which it might have appeared that the planter and teams were necessary, such pleading would have been only an argument, a reasoning for the necessity of the planter and teams. The rule requires only a "full and clear statement of the cause of action."

[2] The petition to state a good cause of action need not set out or disclose a proper legal measure of damages, as contended for in the second proposition. All that is necessary is a statement of the facts essential to a cause of action. It is for the court to inform the jury as to the measure of damages, or, in the absence of a jury, to apply the proper measure of damages. St. Louis S. W. Ry. Co. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106; City of San Antonio v. Pizzini (Tex. Civ. App.) 58 S. W. 635.

The cases referred to by appellant (I. & G. N. R. R. Co. v. Pape, 73 Tex. 501, 11 S. W. 527; R. R. C. & M. Co. v. Langford Bros. 32 Tex. Civ. App. 401, 74 S. W. 926) do not state the rule of pleading to be otherwise.

[3] Appellee agreed to keep his ditches clean and free of weeds. Appellants alleged that appellee had not kept his ditches clean and free of weeds, and in their answer attributed appellee's failure to get water to such fact. On the trial appellants submitted special charges presenting an issue of contributory negligence on the part of appellee in failing to keep the ditches free of weeds, and whether it was necessary to cut off the water to clean the ditches.

By the third and fourth propositions errors are assigned to the refusal of the court to submit such issues to the jury showing that the ditches were not kept clean and free of weeds. The court, however, submitted the requested special charges B, C, and D as above, which we think sufficiently submitted the issues.

[4] There was no error in the refusal of the court to submit special issue "A" tendered by appellants, calling for a finding as to whether appellants exercised ordinary care and diligence to furnish the planter at a time reasonably necessary to meet appellee's need in planting his cotton crop. Appellant had, without qualification or condition, agreed to furnish tools necessary to the cultivation of the crop, and if the planter was a necessary tool to the proper cultivation of the crop, it was their obligation under the terms of the contract to furnish it whenever the need for the planter was presented. The exercise of ordinary diligence to furnish the planter was not a proper issue to be submitted.

[5] The sixth, seventh, and eighth propositions assert that the findings of the jury on the two issues of damages or losses by reason of late planting and turning off the water are not sustained by the evidence. Appellee had 35 acres of cotton planted, and picked only 12 bales. No issue was submitted or suggested in the evidence as to a want of proper planting or cultivation. Without quoting the evidence, several witnesses attributed the small yield of cotton to late planting and lack of water at the time water should have been applied. They said appellee should have gotten around a bale to the acre, when he only got about one-third. We cannot say the evidence does not sustain the findings.

All issues submitted were found in favor of appellee. The court was not in error, as suggested, in not granting appellant's motion for a new trial.

Finding no reversible error, the case is affirmed.