**WHITE et al. v. CARLTON et ux. (No. 275.)\***

(Court of Civil Appeals of Texas. Waco. Nov. 5, 1925. Rehearing Denied Dec. 3, 1925.)

**1. Depositions ⬤⟿56(1)—That names of witnesses not embraced in notice held not ground for quashing depositions, in view of appellant's signed waiver.**

That names of witnesses were not embraced in notice to take depositions, *held* not ground for quashing depositions, where appellants signed waiver in which they agreed that the depositions of such witnesses could be taken, and crossed interrogatories to such witness, and no harm or injury was shown.

**2. Fraud ⬤⟿41—Allegations of fraud in exchange of lands held to state cause of action.**

Allegations of fraud, based on false representations as to character of lands exchanged with plaintiffs, *held* to state cause of action.

**3. Fraud ⬤⟿47—Petition stating cause of actions not demurrable because not alleging correct measure of damages.**

Petition stating cause of action based on false representations as to character of land conveyed to plaintiffs, is not demurrable because not stating correct measure of damages, as court must instruct jury on proper measure of damages and render judgment in accordance therewith, if justified by jury's findings.

**4. Fraud ⬤⟿45—Party alleging false representations were made as matter of fact not required to allege persons making them knew they were false.**

Plaintiff alleging that false representations made by defendants were made as matters of fact and not as matters of opinion was not required to allege that defendants knew them to be false.

**5. Fraud ⬤⟿13(2)—Party is responsible for what he represents to be true, whether he knows that to be false or not.**

A party is responsible for what he represents to be true, whether he knows that to be false or not.

**6. Fraud ⬤⟿59(3)—Rule of damages is difference in value of land given and that received.**

Where property has been exchanged, the rule of damages for fraud is the difference in the value of the land given and that received.

**7. Appeal and error ⬤⟿1073(7)—Applicable rule of damages held immaterial, in view of jury's findings.**

Where the jury found that land which plaintiffs gave defendants was worth a certain amount more than that which plaintiffs received, and also found that the value of the land received was less by the same amount than it would have been if as represented, the question as to the rule of damages to be applied under Rev. St. 1925, art. 4004, was immaterial.

**8. Appeal and error ⬤⟿1036(2)—Overruling of exception asking that name of wife be stricken as plaintiff held not prejudicial.**

In action by husband and wife for damages for fraudulent representations as to land exchanged for plaintiffs' land, alleged to have been their homestead, overruling of exception asking that the wife's name be stricken as party plaintiff *held* not prejudicial, where the wife did not testify, and court rendered judgment that she take nothing.

**9. Pleading ⬤⟿310—Pleading alleging all misrepresentations were made both verbally and in writing held not subject to exception, where contract was attached.**

In action for fraud in exchange of land, where plaintiffs alleged that all representations were made both verbally and in writing and attached to their petition the written contract, petition was not subject to exception because not stating what misrepresentations were in writing and what in parol.

**10. Limitation of actions ⬤⟿100(1)—Fraud prevents running of limitation until discovered, or until by reasonable diligence it might have been discovered.**

Fraud prevents running of statute of limitation until it is discovered, or until by reasonable diligence it might have been discovered.

**11. Limitation of actions ⬤⟿100(11)—Failure to learn of falsity of representations sooner held excusable.**

That plaintiffs to whom defendants conveyed land located 400 miles from plaintiffs had not looked at the land conveyed for 2 years, in reliance upon the grantors' representations as to its character, *held* to excuse failure to learn of falsity of misrepresentations sooner.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction January 27, 1926.

**12. Evidence ⟨⟩434(11)—Oral testimony of false representations held not objectionable as varying written contract.**

In action for damages for false representations as to character of land conveyed, under allegations that defendants made verbal false representations in addition to written guaranty in contract, oral testimony of representations is not objectionable as varying written contract.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by G. W. Carlton and wife against G. L. White and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Wear, Wood & Wear, of Hillsboro, for appellants.

Morrow & Stollenwerck, of Hillsboro, for appellees.

BARCUS, J. This suit was instituted by appellees against appellant for damages which they claimed they had sustained in a trade, whereby appellees conveyed to appellants 218 acres of land in Hill county, at an agreed price of $155 an acre, against which there were liens aggregating $14,100, in exchange for 138 acres of land in Navarro county, which was conveyed to appellees by appellant at an agreed price of $105 an acre, and 246½ acres in Hale county at an agreed price of $35 per acre, and the payment by appellees to appellants of $3,340. A contract of exchange was signed by all parties on the 12th day of November, 1921, and contains, among others, the following provision:

"It is further agreed that the parties of the first part [appellants] guarantee to the party of the second part [appellee] that the 246½ acres of land in Hale county is a good, smooth tract of land, as good as other lands in said neighborhood."

There was no controversy about the land in Hill and Navarro counties being of the kind, character, and value as stated in the contract, and that appellees paid the $3,340 in cash. Appellees contend that, in addition to the written guaranty contained in the contract above quoted, appellants verbally represented that the Hale county land was within 4 or 5 miles of Abernathy, and was worth $35 an acre, and was good, smooth, plains land, and as good as other lands in said neighborhood. Appellees alleged that the representations made by appellants with reference to said land were false in that: (1) the land was represented to be 4 or 5 miles from Abernathy, and as a matter of fact it was 19 or 20 miles; (2) that it was worth $35 an acre, when as a matter of fact it was only worth $13; (3) that it was represented to be a smooth tract of land, when as a matter of fact it was rough and hilly and only 100 acres of the same was smooth,

tillable land, and the remainder was so rough that it could not be cultivated; (4) that they represented the land was as good as other lands in the neighborhood, when as a matter of fact it was not as good, and, if it had been, it would have been worth $35, and instead it was only worth $13 an acre.

Appellees alleged that by reason of the breach of the written guaranty they had been damaged in the sum of $5,423, the difference between the value of the 246½ acres of land had same been as guaranteed and the actual value thereof at the time, or, in the alternative, that they were entitled to the difference in the value of the property which they received and that which they contracted to purchase, which they claimed in either event to be $5,423. The suit was filed February 27, 1924. Appellees, as a reason for not having filed the suit sooner, alleged they had not discovered the real condition and value of the land in Hale county prior to November, 1923, for the reason that they had no occasion to examine same; that they were living in Hill county and the land was some 400 miles away; that they had not looked at the land because of the representations and guaranties made by appellants with reference thereto; that they had relied implicitly upon said representations and guaranties.

Appellants answered by plea of limitation, a number of special exceptions and general denial. The cause was tried to a jury and submitted on special issues. The jury found that the the land was not represented to be within 4 or 5 miles of Abernathy. It found that appellants represented the land to be a good, smooth tract of land; that said representation was false, was material, and induced appellees to make the trade, and that appellees, in the exercise of reasonable diligence, should not have discovered the falsity thereof prior to February 27, 1922; that, if the land had been good, smooth land, it would have been worth $35 an acre on November 12, 1921, the date of contract. The jury also found that appellants had represented the land to be as good as other lands in the neighborhood where said land was located, that said representation was false, was material, and induced appellees to make the trade, and that appellees, in the exercise of reasonable diligence, should not have discovered the falsity thereof prior to February 27, 1922, and that, if it had been as good as other lands in said neighborhood, it would have been worth $35 an acre. The jury further found that appellants represented the land was worth $35 an acre; that said representation was not true; that it was material, and appellee relied thereon, and was induced thereby to make the contract; that said representation was not an expression of opinion, but was an affirmation of a fact;

and that appellee, in the exercise of reasonable diligence, should not have discovered the falsity of said representations prior to February 27, 1922. The jury further found that, if the land had been a good, smooth tract of land, and as good as other lands in the neighborhood, it would have been worth $35 an acre an November 12, 1921. The jury found that in the condition the land was in at said time it was worth $27 per acre. The jury found that the 218 acres of land in Hill county at the date of the contract was worth $155 and the 138 acres in Navarro county was worth $105 an acre, the amounts specified in the contract. Based on said findings and additional findings by the court, judgment was entered for appellees for $1,972.

[1] Appellants complain of the refusal of the trial court to quash the depositions of Clarence and Herman Schulz, because the names of the witnesses were not embraced in the notice to take said depositions. This assignment is overruled. Appellants signed a waiver, agreeing the depositions of said witnesses could be taken, and crossed the interrogatories to said witness, and no harm or injury is shown to have been occasioned thereby. G., H. & S. A. Ry. Co. v. Morris, 94 Tex. 505, 61 S. W. 709.

[2-5] Appellants complain of the action of the trial court in overruling their general demurrer and special exceptions, on the ground that appellees did not state any cause of action by reason of the fact that no correct measure of damages was stated and no actionable fraud was stated, and it was not alleged that the appellants knew at the time they made the representations that same were false. We overrule all of said assignments. Appellees alleged all the facts which, if true, stated a cause of action, and it was the duty of the court to instruct the jury on the question of the proper measure of damages and render judgment in accordance therewith, if same was justified by the findings of the jury. Wells, Stillwell & Spears v. Mason (Tex. Civ. App.) 258 S. W. 914; Trammell v. Currie (Tex. Civ. App.) 261 S. W. 827. It is not necessary for plaintiff to allege that the person making false and fraudulent representations of fact with reference to the character, kind, and value of land knew same to be false, where it is alleged that the party making the representations made then as matters of fact and not as matters of opinion. A party is responsible for what he represents to be true, whether he knows same to be false or not. Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Spencer v. Womack (Tex. Civ. App.) 274 S. W. 176; Rick v. Farrell (Tex. Civ. App.) 266 S. W. 522; Graves v. Haynes (Tex. Com. App.) 231 S. W. 383; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. Appellees, under their pleadings, alleged grounds for actionable fraud. The statute provides:

"Actionable fraud * * * with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact. * * * All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract." Revised Statutes, 1925, Article 4004.

[6, 7] Where property has been exchanged, the rule of damages as established by our courts is the difference in the value of the land given and that received. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. Under the findings of the jury in this case, it becomes immaterial as to the rule of damages to be applied, since the jury found that the property which appellees gave appellants was worth $1,972 more than that which he received, and they also found that the value of the land in Hale county was $1,972 less than it would have been if it had been as represented.

[8] The petition filed in this cause was by C. W. Carlton and his wife. They alleged that the property which they had conveyed in Hill county to appellants was their homestead. Appellant, by special exceptions, asked that Mrs. Carlton's name be stricken from the petition as one of the plaintiffs. The court overruled said exception, but rendered judgment that she take nothing. Mrs. Carlton did not testify to any material fact affecting the litigation, and, without determining whether she was a proper party in a proceeding of this kind, we overrule appellants' assignment of error, because it is not shown that their rights were in any way affected, jeopardized, or influenced by the court's action. If she had not been a party to the suit, she would have been permitted to remain in court during the progress of the trial, and the same testimony which was offered by appellee with reference to the use of the property in Hill county would have been admissible. Lee v. Turner, 71 Tex. 264, 9 S. W. 149; Johnson v. Erado (Tex. Civ. App.) 50 S. W. 139; M., K. & T. Ry. Co. v. Starr, 22 Tex. Civ. App. 353, 55 S. W. 393.

[9] Appellants complain of the action of the trial court in overruling their exception to appellees' pleading, because it did not state what portions of the misrepresentations claimed were in writing and which were verbal. We overrule these assignments. Appellees alleged that all the representations were made both verbally and in writing and attached to their petition the written contract.

[10, 11] Appellants, by various assignments, complain of the action of the trial court in overruling their exceptions to appellees'

pleadings, because it appeared therefrom that the cause of action, if any, was barred by limitation, and because no facts were alleged which prevented the running of limitation. We overrule all of said assignments. Fraud prevents the running of the statute of limitation until discovered, or by reasonable diligence it might have been discovered. Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629; Carver v. Moore (Tex. Civ. App.) 275 S. W. 90. Appellee alleged sufficient grounds to excuse his failure to learn of the falsity of the representations, and the issue was submitted to the jury, which found said issue in his favor, and their findings are supported both by the pleadings and the testimony.

[12] Appellants, by a number of different assignments, complain of the action of the trial court in permitting appellee Carlton to testify to certain representations made to him by appellants with reference to the condition, location, and value of the land prior to the time the trade in controversy was made. Appellants contend that said testimony tended to vary the written contract. We overrule said assignments. Appellees alleged that the false representations were made verbally, in addition to the written guaranty as embraced in the contract. The testimony did not in any way vary the written guaranty contained in the contract.

We have carefully examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.