## BENNETT v. PAPE.

### No. 4040.

Court of Civil Appeals of Texas. El Paso. May 15, 1941.

Rehearing Denied May 29, 1941.

Rice & Rice, of San Antonio, for appellant.

T. P. Hull and Hull & Oliver, all of San Antonio, for appellee.

SUTTON, Justice.

This is an appeal from one of the District Courts of Bexar County. The parties will be designated here as they were in the trial court.

The plaintiff sued the defendant to recover damages he claimed to have been sustained because of certain false and fraudulent representations made with respect to lands by the alleged agent of the defendant, which induced plaintiff to buy the lands for residential purposes. During the pendency of the suit the defendant died and his executor has been substituted as the defendant. The trial court sustained the defendant's general demurrer and dismissed the suit. From that judgment the plaintiff has appealed.

The trial court's action is the sole assignment of error, and the correctness of his action is the sole question here to be determined.

Plaintiff in his brief makes a brief statement of his petition, which we believe to be substantially correct and we copy it, as follows:

"1. That defendant through his agent represented that the 100 acres of land, of which that purchased by plaintiff was a part, had been divided into lots restricted for residential use only and streets dedicated, that no improvements on such property could be made costing less than Two Thousand Dollars ($2,000.00) and that houses in said addition must be constructed of brick, tile, stone or stucco and that the use of outhouses for residence purposes was not to be permitted.

"2. That believing such representations to be true, plaintiff purchased the described property in the addition and contracted to build a home thereon.

"3. That such property was purchased and said contract entered into in reliance on the representations made by defendant's agent.

"4. That all such representations were false and untrue and were made for the purpose of inducing the plaintiff to purchase said property and build a home thereon.

"5. That the plaintiff would not have bought such property and would not have contracted to build a home thereon except for such representations that the property was restricted.

"6. That the value of plaintiff's property as a homestead has been lost because the property was not restricted and that plaintiff was damaged."

For the purposes of the general demurrer the allegations of plaintiff's petition are presumed to be true.

The defendant seeks to sustain the judgment of the trial court on four counter-propositions, and briefly stated are: (1) That after the representations were made the parties entered into the written agreement attached to plaintiff's petition which contained none of the representations claimed, and to permit oral proof thereof

would alter and change the contract which may not be done; (2) that plaintiff pleads an improper measure of damage; (3) that plaintiff pleads a contract entered into between the plaintiff and his agent to restrict the property as claimed by plaintiff, but that same was never recorded, and the petition shows on its face that the property was so restricted; and (4) that the petition stating no cause of action for actual damages no recovery may be had for exemplary damages.

The contract between plaintiff and defendant attached to the petition is one for the sale of the property and comparatively brief. The only obligations contained in it to be performed by the defendant as the seller are: that he agrees to convey to the purchaser (plaintiff) the described property; that he will pipe water to the property sold within sixty days and furnish water for domestic purposes for $2 per month; that he will furnish the purchaser tax statements and at purchaser's option a Guaranty Certificate of Title within thirty days, showing fee-simple title in the seller free of liens except such as may be assumed by the purchaser and as may be therein named; and if the title is accepted to convey the same by general warranty deed. The remainder of the contract fixes the price to be paid and sets up certain restrictions that must be observed by the plaintiff as the purchaser, among which are, substantially, if not all, the restrictions pleaded by the plaintiff and claimed to have been represented would be observed by the defendant.

 The parol rule contended for by the defendant has no application to the contract and cause pleaded here. To make the application sought by the defendant would permit one to induce another by fraud to enter into a contract and then take advantage of his fraud by holding the other to it. The contrary of the rule sought by the defendant here is made plain in the cases he cites. "It is a rule of universal recognition that fraud vitiates a contract. * * * Fraud will vitiate an 'as is' contract, but the character of fraud necessary to vitiate such a contract is some representation, trick, artifice, or device which prevents the coming into existence of any valid contract at all." Distributors' Investment Co. v. Patton, Tex.Com.App., 110 S.W.2d 47, 48 cited by the defendant. The same proposition of law is illustrated in the case cited by the Commission, Avery Co. v. Harrison Co., Tex.Com.App., 267 S.W. 254.

We understand the universal rule to be that misrepresentation and fraud inducing one to enter into a contract to purchase, or to purchase real estate will entitle such one to equitable relief, and that he may rescind the contract and recover his purchase money, or cancel his obligation under the contract, or retain the property and sue for his damages. Mason v. Peterson et al., Tex.Com.App., 250 S.W. 142.

We are not called upon here to decide what is the proper measure of damage to be applied in the case pleaded by plaintiff. The fact he may have pleaded no measure at all, or that the measure pleaded is incorrect does not render the petition subject to a general demurrer. If the facts be pleaded then it becomes the duty of the court to apply the proper measure of damage. Wells, Stillwell & Spears v. Mason, Tex.Civ.App., 258 S.W. 914; Trammell v. Currie, Tex.Civ.App., 261 S.W. 827.

We find no merit in defendant's third counter-proposition. His fourth is correct as an abstract proposition of law but has no application here.

We are of the opinion that the trial court was in error in sustaining the general demurrer, and that the case should be reversed and remanded for trial, and it is so ordered.