EDWIN STOWELL & another- *vs.* THEODORE C. GRAM.
& another.

Suffolk.   November 19, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Contract,* Novation.   *Assignment.*

In an action against the assignee of a contract in writing, for a failure to make and deliver certain articles in accordance with the contract, the plaintiff, to recover, must show that he released the assignor from his obligation under the contract and accepted the defendant in his place, and that the defendant agreed with the plaintiff to perform the contract as his own.

CONTRACT, for alleged breach of a contract in writing between one Holt doing business under the name of the Holt Novelty Company and the plaintiffs, to make and deliver five hundred field of view dividers, a divider being an appliance to be placed

on a camera, against Theodore C. Gram and Henry Pletsch, assignees of the contract, alleged to have assumed its obligations. Writ dated September 11, 1896.

At the trial in the Superior Court before *Gaskill*, J., the judge ordered a verdict for the defendants, and, by agreement of the parties, reported the case for determination by this court. If the ruling was correct, judgment was to be entered for the defendants. If on the evidence the jury would have been warranted in returning a verdict for the plaintiffs, judgment was to be entered for the plaintiffs in such a sum as this court should determine, subject to certain stipulations which the decision of the court has made immaterial.

*J. E. Hannigan*, for the plaintiffs.

*G. W. Anderson*, for the defendants.

KNOWLTON, C. J.  In the present case the presiding judge directed a verdict for the defendants, and reported to this court the question of law whether there was any evidence that would warrant a verdict for the plaintiffs. The plaintiffs made a contract for the manufacture of certain articles with one Holt, who became financially embarrassed after he had begun the work, and then arranged with these defendants that they should take a bill of sale of certain property and an assignment of this contract, and assist him in his embarrassment. The question is whether there was evidence which would warrant a finding that the contract between the plaintiffs and Holt was given up, and that a new contract of the same kind, covering the unfinished work, was made between the plaintiffs and the defendants.

The defendants cannot be held liable upon a promise to see that Holt's contract was performed, for such a promise would be within the statute of frauds. To establish a novation on which the plaintiffs can charge these defendants, it must be proved that the plaintiffs released Holt from his obligations under the contract and agreed to look to the defendants alone, and that as a part of the same arrangement Holt released the plaintiffs from their liability to him, and that the defendants agreed with the plaintiffs to perform the contract as their own.

The writing under which the defendants acquired their rights from Holt was a bill of sale of the tools, fixtures, machinery and office furniture used in his business, and the furniture and the

furnishings of every kind in a certain dwelling house. The writing also included an assignment of this contract with the plaintiffs. The dwelling house was referred to in the testimony as a lodging house which cost Holt $1,200. Holt testified that the bill of sale was given as security to the defendants for money which they were to lend him and furnish for his assistance. This testimony was uncontradicted, and was confirmed by other facts in the case. The conduct of the parties and the entire evidence were inconsistent with any other theory than that the title of the defendants under the writing was held only as security.

There was no testimony that Holt ever agreed with the defendants or the plaintiffs to give up, except as security for his debt to the defendants, the benefits by way of profits or otherwise to which he might be entitled from the performance of his contract, and the dealings of all the parties tend to show that the contract with Holt was treated as subsisting while the defendants were engaged with him in the performance of it. When the plaintiffs made their first payment after the defendants took possession under their bill of sale, they took a receipt signed by Holt in the name of the Holt Novelty Company, the name under which he did business, and in the receipt the money was said to be " in payment of account with Holt Novelty Company." The next payment made by the plaintiffs was upon an order signed by Holt, requesting payment to the defendants of all money due him on the contract, and reciting that he had made to them an assignment of the contract. A receipt subsequently signed by the defendants, recited that the money was received "on account of contract . . . made with Holt Novelty Co." Without reviewing the evidence further, we are of opinion that there was nothing before the jury which would have warranted them in finding that the contract with Holt was given up by agreement of all parties, and that a new contract was made between the plaintiffs and the defendants.

*Judgment for the defendants.*