M. Gimble & Sons v. C. S. King et al.

Decided May 9, 1906.

Novation—Necessary Elements.

Novation is effected by the substitution of a new obligation between the same parties with the intention to extinguish the old one; or by the substitution of a new debtor with the intention to release the old one; or by the substitution of a new creditor with the intent to transfer the rights of the old one to him. In order to make a novation of the second class above mentioned, there must be a mutual agreement among the parties—the creditor, his immediate debtor and the new debtor—for the substitution of the new debt in the place and stead of the original debt.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Fleming & Fleming,* for appellant.—The court erred in refusing to instruct the jury, as requested by plaintiff, as follows: "You are instructed at the request of plaintiff to find in favor the plaintiff against both the defendants, C. S. King and W. H. Spurlock, the amount of $453, and in favor of the defendant, C. S. King, against the defendant, W. H. Spurlock, in the amount of $453, with interest as prayed for in plaintiff's petition. House v. Robertson, 89 Texas, 689; Thomas v. Hammond, 47 Texas, 43; James v. King & Davidson, 2 Texas App. Civ. Cas., 544; Taylor v. Merrill, 64 Texas, 494; Cyc., vol. 17, p. 693, subd. 17; Greenl. on Ev., sec. 284a; Rev. Stats., art. 2323; 22 Am. & Eng. Ency. of Law (2d ed.), pp. 563, 556; 2 Danl. on Neg. Inst., secs. 1259, 1262, 1272, 830; McGuire v. Bidwell, 64 Texas, 43; Otto v. Halff, 89 Texas, 384; McDonald v. Chinski, 23 Texas Civ. App., 505; Bank v. Border, 9 Texas Civ. App., 670.

*Joe Williams* and *G. P. Dougherty,* for appellee.—Where a written instrument is sued on, and in evidence, evidences a clear, positive and unconditional promise to pay, parol evidence of a contemporaneous parol agreement tending to show that said contract was conditional or contingent is not admissible. Dolson v. DeGonahl, 70 Texas, 620.

The unauthorized acts of agents are just as effectually ratified by the conduct of the principal with reference to said acts, and become as binding as would have been the case had the agent been expressly authorized to perform such acts in the beginning. Mecham on Agency, secs. 146-151; Ft. Worth Pub. Co. v. Hitson, 80 Texas, 216; Merchants Bank v. McAnulty, 31 S. W. Rep., 1091; Campbell v. Jenkins, 34 S. W. Rep., 673.

The acceptance by the creditor of a negotiable promissory note of a third party will operate as a payment as between the creditor and original debtor, unless there is an express understanding that the acceptance is not to have that effect, and especially when said note is extended as to time of payment without the knowledge or consent of original debtor. 22 Am. & Eng. Ency. of Law, 563; Campbell v. Jenkins, 34 S. W. Rep., 673.

Fly, Associate Justice.—Appellants instituted suit against C. S.

King, and W. H. Spurlock, to recover $453, alleging that they had sold King certain goods and merchandise whose value amounted in the aggregate to the sum specified, which he had agreed to pay, and that Spurlock had executed his promissory note for the same sum. The circumstances were alleged to be that Spurlock was indebted to King, and appellants were about to have a writ of garnishment served on him when he agreed to and did give the promissory note sued on.

King answered that he had purchased the goods from appellants and had sold them to Spurlock, who had agreed to assume the debt due appellants, and that the latter agreed to accept Spurlock's obligation to pay the debt and to release said King, and in pursuance of the agreement had accepted the note from Spurlock in payment for the goods. The court instructed the jury to return a verdict in favor of King and against Spurlock for the debt.

The uncontradicted evidence showed that the account against King was placed in the hands of an attorney who ascertained that Spurlock was indebted to King for goods sold to him, and he went to Spurlock and told him that suit would be instituted against King by appellants, and a writ of garnishment obtained against Spurlock. The latter told the attorney that he owed King and had agreed to pay the debt due appellants. He told the attorney that he did not have the cash but would give him a note for the amount. The note was given. There was no agreement on the part of appellants, who were in Chicago, nor on the part of the attorney to release King from liability. There was no agreement whatever made with King, nor any with Spurlock as to taking him for the debt instead of King, and the court must have concluded that the taking of the notes by appellants was in law a substitution of a new debtor in the place of King and that he was thereby released.

Novation is affected by the substitution of a new obligation between the same parties with the intention to extinguish the old one, or by the substitution of a new debtor with the intention to release the old one; or by the substitution of a new creditor with the intent to transfer the rights of the old one to him. Beach Mod. Con., sec. 786. If the facts make a case of novation it necessarily belongs to the second class, that of substituting a new debtor for the old one. In order to make a case of that kind there must be a mutual agreement among the parties, the creditor, his immediate debtor and the new debtor, for the substitution of the new debt in the place and stead of the original debt. Add. Con., p. 530. As said by that author, "the intention of the creditor to discharge the first debtor and to accept of the second in his stead, must be perfectly evident." Novation can only exist by mutual consent and agreement of all the interested parties, and it is subject to the same rules of evidence that obtain in regard to any other kind of contract.

Not only is it necessary to prove that the creditor took a new debtor, but it must be made to appear, in order to release the old debtor, that there was an extinguishment of the old debt and an agreement to look to the new debtor alone. The mere taking of a new debtor for the old debt, would not, standing alone be sufficient to show novation. (Pimental v. Marques (Cal.), 42 Pac. Rep., 159; Jackson Iron Co. v. Negaunee Concentrating Co., 65 Fed. Rep., 298.)

In the case of Stowell v. Gram, 69 N. E. Rep., 342, the Supreme

Judicial Court of Massachusetts held: "To establish a novation on which the plaintiffs can charge these defendants, it must be proved that the plaintiffs released Holt from his obligations under the contract, and agreed to look to the defendants alone, and that as a part of the same arrangement Holt released the plaintiffs from their liability to him, and that the defendants agreed with the plaintiffs to perform the contract as their own."

Again in the case of Western White Bronze Co. v. Portrey, 70 N. W. Rep., 383, the Supreme Court of Nebraska said: "There can be no novation in the absence of an unqualified discharge of the original debtor by the creditor." The facts of the last case are quite similar to those in this. (See also Piehl v. Piehl (Mich.), 101 N. W. Rep., 628.)

It is not contended that there was any agreement to release King, and the mere fact of putting the obligation of Spurlock in the form of a promissory note could not have had that effect. He was under obligation to pay the debt before that, because he had assumed it, and he so stated to the attorney of appellants, and all that was done by the transaction was to place that promise in writing. It is shown positively that there was no agreement of any kind made in regard to the note. There could under these circumstances be no novation, because a novation consists of a mutual agreement of all the parties to substitute a new debtor for the old one, in consideration of the extinguishment of the old debt. (Kelso v. Fleming (Ind.), 3 N. E. Rep., 830.)

We think the same rules are applicable to this case that would apply in case appellants had taken a note from King for the antecedent debt, and it is well settled that the taking of such a note would not extinguish the antecedent debt unless there was an agreement to that effect. If a draft or note be taken contemporaneously with the creation of the debt the presumption would prevail that it was taken in payment of the debt, but if a note or draft is taken for a precedent debt the presumption is that it was not taken as payment, and the burden of removing that presumption would rest on the party asserting it. (Gibson v. Toby, 53 Barb., 191; Hall v. Stevens, 116 N. Y., 209.) The mere taking of the note, without some evidence that it was taken in satisfaction of the debt, does not constitute a novation. (Am. & Eng. Enc. Law, 890; Noel v. Murray, 13 N. Y., 168; McLoughlin v. Bieber, 58 N. Y., 790.)

That part of the judgment as to Spurlock will not be disturbed, but the court erred in instructing a verdict for King, and the judgment as to him will be reversed and judgment here rendered that appellant recover of him the amount of the debt, interest and costs and that King recover over against Spurlock.

*Reversed and rendered.*