The case of Essary v. State, 53 Tex. Cr. R. 596, 111 S. W. 927, cited as sustaining the majority opinion in this case, does not do so, and is wholly inapplicable to the question. The syllabus on the point in that case clearly expresses what was decided therein. It is:

"Where upon trial for murder it appeared that all the testimony of the state was offered before the indictment was read, or before any plea on the part of the defendant had been entered, and there was no offer made by the state to reintroduce the testimony, the same was reversible error under article 697, Code Criminal Procedure."

In that case the Barbee Case, above referred to, is expressly cited, quoted from, and approved. Besides, the bill in no way discloses what testimony, if any, the state's witness Standridge gave; hence in no event did that bill present any error.

The other point decided by the majority opinion is in direct conflict with the statute and all the decisions thereunder. The bill on this point shows that the woman had made a written statement before the officers wherein she expressly swore that appellant had had sexual intercourse with her repeatedly, frequently, and many times. The state relied upon her as its witness, and introduced her as such with the idea that she would testify as she had already sworn. But, instead of doing so, she testified to the reverse, that appellant had never had sexual intercourse with her at any time. A statement is made in the opinion herein to the effect that this testimony by her "was not injurious to the state." A strange statement. I do not know how anything could have been more injurious to the state. She had stated before to the officers in a sworn statement that he had had intercourse with her as stated above, and now when the state relied upon her and introduced her to prove the same thing by her she positively swore he had never had intercourse with her at any time. The statute expressly states (article 815, C. C. P.):

"The rule that a party, introducing a witness, shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in other manner, except by proving the bad character of the witness."

It had always heretofore been held in compliance with the statute, that when either party, in reliance upon what a witness said he would swear, introduces such witness, and he swears the reverse of it, whichever side introduced him can impeach him by showing that he before made a reverse statement, and, by showing surprise, which was done in this case, can impeach the witness by showing the previous statement. For a collation of some of the authorities, see the note under said article in 2 Vernon's Criminal Statutes, p. 763.

The immunity of the witness has no application in this case. She did not fail to testify, but she did testify, and testified the reverse of what she had previously sworn and stated to the officers she would swear.

The evidence is amply sufficient to sustain the conviction, and the judgment should have been affirmed, and not reversed. I dissent.

---

GROSMAN CO. v. F. DE WITT & SON et al. (No. 7814.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1917.)

TRIAL ⟪═⟫251(7)—INSTRUCTIONS—ISSUES.

The elements of the issues of estoppel in pais and novation being so radically different, and the proof necessary to sustain them so unlike, judgment on a verdict for defendant will not be affirmed as a correct result founded on an incorrect reason, where the evidence raised the issue of novation, and submission to the

jury was on the theory of estoppel; especially where plaintiff's testimony tends to disprove novation.

Appeal from Dallas County Court at Law; T. A. Werk, Judge.

Action by the Grosman Company against F. De Witt & Son and another. From the judgment for the named defendant, plaintiff appeals. Reversed and remanded.

Wood & Wood and W. W. Hagebush, both of Dallas, for appellant.

RASBURY, J. Appellant sued appellees De Witt & Son, as makers, and appellee Weatherford, as indorser, upon a series of promissory notes executed and delivered in payment of a soda fountain sold to appellees De Witt & Son by appellant and subsequently by De Witt & Son to Weatherford, who, at the time of his purchase, indorsed the notes, and to foreclose a chattel mortgage on the fountain. There was a trial by jury, resulting in verdict in favor of appellees De Witt & Son, and against appellee Weatherford, followed by similar judgment from which this appeal is prosecuted.

The appellant's testimony tended to show that after appellees De Witt & Son purchased the fountain they consummated a sale of their business to Weatherford upon condition that appellant would permit De Witt & Son to convey the fountain to Weatherford and permit him to indorse their notes and assume payment of same, to which appellant consented, and whereupon Weatherford did indorse the notes and take over the fountain, while the testimony of De Witt & Son tended to show not only an agreement to permit a conveyance of the fountain and an indorsement and assumption of the note by Weatherford, but as well a release of De Witt & Son of all liability on the notes. The evidence adduced in support of the facts briefly related consisted largely of correspondence, some shown by original letters, some by carbons, and some by oral proof of contents of those lost.

The conflicting facts being as stated, the court, among other things, charged the jury, in substance, that in the event they believed the facts deducible from appellees' testimony to be true, that then appellant would be estopped to recover against appellees De Witt & Son on said notes, correctly defining for the benefit of the jury the elements of estoppel. Appellant excepted to the court's charge, and contends, we think correctly, that the issue of estoppel was not raised by the evidence, and should not have been submitted. While loose discussions seem inevitable when estoppels in pais or equitable estoppels, which result from declarations, admissions, etc., arise, yet it may in general be said to be "the effect of voluntary conduct of a party whereby he is precluded, both at law and in equity, from asserting the rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has, in good faith, relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy." Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718. It is obvious, we think, in the light of the definition quoted, that the release of one debtor and the acceptance of another, as the testimony of appellees at most tends to show, does not present estoppel in pais. The evidence of appellees raises not estoppel, but novation, which is said in a general way to be effected "by the substitution of a new obligation between the same parties with the intention to extinguish the old one, or by the substitution of a new debtor with the intention to release the old one, or by the substitution of a new creditor with the intent to transfer the rights of the old one to him." Gimble & Sons v. King et al., 43 Tex. Civ. App. 188, 95 S. W. 7. The elements of the two issues are so radically different, and the proof necessary to sustain the respective issues so unlike, that we are unable to say, particularly in view of the fact that appellant's testimony tends to disprove novation, that the verdict should be affirmed as correct, though founded on an incorrect reason; and for that reason the judgment is reversed, and the cause remanded.

Reversed and remanded.