**TRAMMELL v. CURRIE et al.　(No. 1630.)**

(Court of Civil Appeals of Texas. El Paso. April 17, 1924. Rehearing Denied May 16, 1924.)

1. **Venue ⊕⇒72—Burden of proof upon applicant.**

On motion for change of venue, burden of proof is upon applicant.

2. **Appeal and error ⊕⇒965 — Venue ⊕⇒42 — Trial court has wide discretion on motion for change of venue.**

Trial court has wide discretion in ruling on motions for change of venue, and its action will not be reversed, unless there appears to have been an abuse of this discretion.

3. **Venue ⊕⇒70—Trial court held to have abused discretion in not granting change.**

Under evidence, *held*, that trial court abused its discretion in refusing to grant change of venue on ground of prejudice in the community.

4. **Appeal and error ⊕⇒965 — That defendant pleaded no defense no reason for not reversing for refusal of change of venue.**

That defendant pleaded no defense, and that trial court erred in overruling exceptions to answer, is no ground for not reversing for abuse of discretion in denying defendant a change of venue, since, if exceptions had been sustained, defendant might have amended to meet points raised.

5. **Damages ⊕⇒153—Court will apply proper measure of damages, if facts pleaded.**

If facts are pleaded which may be made basis for cause of action, court will apply proper measure of damages thereto, and it is immaterial that proper measure or element of damages has not been alleged.

Error from District Court, Howard County; W. P. Leslie, Judge.

Suit by Lucy Currie against D. M. Trammell, and cross-action against Wm. B. Currie and others. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

E. R. Bryan, of Midland, and John B. Littler, of Big Spring, for plaintiff in error.

Morrison & Morrison, of Big Spring, for defendants in error.

HARPER, C. J. This suit was instituted by Lucy Currie against D. M. Trammell to recover the amount, principal and interest, and attorney's fees of two promissory notes, and to foreclose chattel mortgage on certain cattle theretofore executed by defendant to secure same. This appeal is from a judgment in favor of plaintiff.

Appellant predicated his appeal upon the refusal of the trial court to grant him a change of venue, which motion contains the following grounds for change:

Combination of influential persons; that a large number of persons in the county are under obligations to plaintiff by reason of having borrowed money from plaintiff; that she has a large number of influential relatives in the county; that Wm. B. Currie, Temp S. Currie, and John A. Currie, who are sued for damages in cross-action as bondsmen of plaintiff, are stockholders in First State Bank of Big Spring in said county, Temp S. Currie, cashier, and that a great many of the citizens of the county are borrowers from said bank, and subject to the influence of its officers; that the case had been tried twice; that of the first jury ten favored him, and that the second was a hung jury; that a great many persons of the county have heard the evidence, and are for that reason disqualified.

This application was signed and sworn to by appellant and three citizens. The truth of the facts set out in said application is attacked by an affidavit signed by several persons.

The proposition is that he has met the burden of proof by establishing the facts alleged by a preponderance of the evidence, and for this reason the motion should be granted.

Second. The proponent's witnesses having shown themselves qualified to speak, and having testified positively to the truth of the facts alleged and no attempt to attack their means of knowledge or their credibility, and the witnesses to the contrary having only testified negatively, and upon cross-examination show they have no knowledge of the matter, the burden of proof has been met.

Third and fourth. Proponent being a non-

resident of the county in which the suit is pending, and two juries having disagreed, and having shown by competent evidence that those who are opposed to him are residents of the county, of large influence, and the motion overruled by the court, and he forced into trial before a jury, five of whom did business with the bank in which the bondsmen sued are interested, and three of whom owed said bank, and verdict promptly rendered against him, it is sufficient to show that the jury was prejudiced against him.

The statute provides that a change of .venue may be granted for any of the following causes: (1) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial; (2) that there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial; (3) for other good and sufficient cause to be determined by the court.

[1-3] Having in mind the rule that the burden of proof, upon a motion for change of venue, is upon the applicant, and the further rule that the trial court has a wide discretion in such cases, and that his action will not be reversed unless there appears to have been an abuse of this discretion, we take up first the evidence of appellant for a test of whether he has met this burden of proof, and the testimony of the appellee's witnesses in these respects to determine whether the latter is of any probative value as offset.

The first witness, a merchant in the town of Big Spring, county seat of the county, who had lived in the county since 1904, testified:

"His business brought him in touch with a large part of the citizens of Howard county; that he was well acquainted with citizenship of Howard county, and especially those taken on juries; that he knew W. B., Temp, and John Currie, and that they were connected with First State Bank, and that they have considerable money loaned in Howard county, and have considerable influence in Howard county. From my knowledge of the Curries and the First State Bank of Big Spring, and the influence that they might have upon the jurors throughout Howard county, I would say that the defendant, D. M. Trammell, in this case, could not obtain a fair and impartial trial in 'Howard county. I have talked with quite a few jurymen in Howard county, and heard them express themselves in regard to this case. And from my knowledge as a juryman of Howard county, Tex., I know that the defendant, D. M. Trammell, cannot get a fair and impartial trial in this case in ·Howard county."

On cross-examination he testified as follows:

"I did swear a moment ago, on my direct examination, that I knew the defendant, D. M. Trammell, could not get a fair and impartial trial of the. case in this county, and I believe it, and I do state it to be a fact that I know he cannot get a fair trial; I say that because of the discussion that I have heard in my store and on the street here."

Again he says:

"But I do state, positively, although I do not know just how many people in the county, nor how many qualified jurors there are—I state positively that this defendant cannot get a fair trial in Howard county, and no other case could that has been tried the same as Trammell's."

There were five other witnesses for appellant, three bankers, one merchant, and cattleman, and one barber, all of whom showed by their evidence that they were sufficiently informed as to conditions and opinions of jurymen throughout the county to give testimony of probative force, and all testify that in their opinion the appellant could not get a fair and impartial trial in Howard county. A fair illustration of the force of their testimony is given in the statement by one of the witnesses upon cross-examination:

"I do not say that out of 1,100 or 1,200 jurors a jury could not be found that would be qualified and unprejudiced and unbiased to try the case, if you have the whole 1,100 or 1,200 to pick from to get the 12 men. I do think it would take more than an ordinary panel of jurymen to pick them from."

Another witness:

"I am acquainted with Wm. B., Temp S., and John A. Currie. From my acquaintance with them and knowledge of condition I think that the Curries in connection with the First State Bank of Big Spring would to some extent have influence over jurors in trying a case in which the Curries were interested.. I am pretty well acquainted with the jurors of the county. From my knowledge of the conditions and jurors and the discussions which I have heard I hardly think the defendant can get a fair and impartial trial in this county. Any case that has been tried twice in one county and discussed as much as this one has; I think, should be moved."

The credibility of these witnesses is in no wise attacked, so for comparison take the testimony of the witnesses for appellee. The sheriff was sworn but expressed no opinion.

A juryman who sat upon the case at a former term:

"I would not know how to answer the question as to whether defendant could obtain a fair and impartial trial. I don't know the jurymen sufficiently well to say whether they are prejudiced, but I don't think they are."

Bryan expressed no opinion.
Morrison:

"I suppose there could be had a fair and impartial trial in Howard county. I never heard any prospective and qualified jurors discuss the case. I do not know then what the attitude of the qualified jurors would be."

Leo Nall and S. M. Hall both show a large acquaintance in the county, but say they have not heard the case discussed, but express the

opinion a fair trial could be had, as Hall expressed it:

"My opinion is based upon the fact that I think there is enough honest men in Howard county that anybody can get a fair trial."

The witness Purser had been county treasurer for eight years, and then mayor of Big Spring, and is the best qualified of all appellee's witnesses. He said, "I have been among the people here on the streets and throughout the county, and nobody has discussed the case between the Curries and Trammell with me," and, "I do not know what the attitude of the qualified jurors in the county would be toward this case," but he stated "from what I know about the citizenship of this county, and notwithstanding the fact that there has already been two trials, I would yet suppose there could be had a fair and impartial trial."

It will be noted that not one of these witnesses so testify as to question the truth of the statements made by those for appellant. They at best only express a contrary opinion as to whether a fair trial could be had. But, if these matters do not show that the trial court abused his discretion in refusing a change of venue, then the following matters shown by the record must remove all doubt.

Upon the trial of the case the defendant challenged certain of the jurors upon the panel because they did business with the First State Bank. The challenge was overruled, and a bill of exceptions was prepared and presented to the court for approval. The plaintiff objected to the bill, and the court prepared the bill that follows:

"Be it remembered that on the trial of the above styled and numbered cause in said court that, after the defendant D. M. Trammell's motion for a change of venue had been overruled, a jury was selected to try the case, and that there were 20 jurors in the regular panel when the case was called for trial, and upon their examination 3 of said jurors excused themselves on account of having heard the case discussed and having formed opinions in regard to same. Out of the 17 jurors left in said panel 11 of said jurors stated upon their examination that they were customers of the First State Bank of Big Spring, a corporation, in which certain ones of the Curries (but not the plaintiff, Lucy Currie, who is a nonresident of the state of Texas, residing in Zion City, Ill.) were interested, and 4 of said jurors stated that they owed money to the First State Bank of Big Spring. That after said panel was filled according to law, by order of the court, with talesmen from a different section of the country, there were two more jurors who stated they did business with said First State Bank, and that said panel, after the same was filled, and at the time the plaintiff was compelled to make his challenges, contained 13 jurors who did business with said bank; that, after exercising all of his peremptory challenges, defendant was compelled to accept on said jury 5 jurors who did business with said bank, 3 of whom owed said bank; that the plaintiff, Lucy Currie, is in no way connected with said First State Bank as a stockholder

or owner thereof, but is an aunt of certain other parties designated herein as the "Curries"; that said plaintiff lent the money sued on in this controversy, through an agent, Wm. B. Currie, to the defendant D. M. Trammell, who executed his notes therefor, making the same payable in Howard county, Tex., the domicile of said bank and residence of some of the Curries; that, when the defendant exercised his challenges the panel was full of substantial citizens of Howard county, Tex., who showed themselves to have no knowledge of the matters in controversy, no opinion as to its merits, and who swore that they were able to discharge the duties of jurors fairly and impartially toward both plaintiff and defendant.

"And the defendant challenged all of the jurors that did business with the First State Bank for cause; that is, that they would be influenced in their verdict by reason of their relations with said First State Bank, which challenge was by the court overruled, and the defendant was compelled to exercise his challenges on said panel as completed, and to accept the jurors remaining on said list unchallenged with which to try said case, to which action of the court in overruling defendant's challenge to said jurors, or motion to that effect, the defendant then and there in open court excepted, and this bill of exception is now here prepared by the court in accordance with the facts as they occurred, and is ordered filed as a part of the record in this cause, together with the further statement that a close examination of the reporter's notes does not reveal that the wife of either of said jurors was employed by said bank. To certify all of which, witness my hand this the 21st day of May, A. D. 1923. W. P. Leslie, Judge of the Thirty-Second Judicial District of Texas."

[4] Appellee suggests that the defendant pleaded no defense to the cause of action, and for that reason the cause should be affirmed, because the trial court erred in overruling certain exceptions to the answer, and has filed two cross-assignments of error to this effect. The answer to the first is that, if the court had sustained the exceptions, the defendant might have so amended as to meet the points raised.

As to release of the original debtor in this case, Trammell, by substitution of Currie by novation, as the debtor to the original creditor, Lucy Currie et al., and for the principles of law applicable, see Scott v. Atchison, 38 Tex. 385; Gimble v. King, 43 Tex. Civ. App. 188, 95 S. W. 7; Pierce Fordyce Oil Ass'n v. Woods (Tex. Civ. App.) 180 S. W. 1181; Wilson v. Crowdus Drug Co. (Tex. Civ. App.) 190 S. W. 194; Klinkoosten v. Muudt, 36 S. D. 595, 156 N. W. 85, L. R. A. 1918B, 113, and note.

[5] Under the second cross-assignment the point is made that the defendant has not alleged proper measure or element of damages. The rule is that, if the facts be pleaded which may be made the basis for a cause of action, the court will apply the proper measure of damages thereto. For these reasons the cross-assignments are overruled, and

the assignment of appellant predicated upon the failure to change the venue is sustained, and the cause ordered transferred to such county as meets the requirements of article 1914, Revised Civil Statutes, Vernon's Sayles'.

Reversed and remanded.