# Truscon Steel Co. v. Thirlwell Electric Co.

(Decided June 23, 1936.)

WM. T. BASKETT, MORRIS B. GIFFORD and A. C. RUIHLEY for appellant.

TRABUE, DOOLAN, HELM & HELM, HUSTON QUIN and BLAKEY HELM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

The Truscon Steel Company brought this suit against the Thirlwell Electric Company to recover $1,050 due on a contract, and obtained a general order of attachment. The defendant pleaded a novation. On a trial before a jury the court, at the conclusion of the evidence, sustained defendant's motion for a peremptory instruction. Plaintiff appeals.

The facts are: Prior to April 1, 1932, appellee contracted with the Louisville Baseball Company to floodlight Parkway Field, and ordered the steel for the towers from appellant. Before filling the order, appellant required the Louisville Baseball Company to guarantee the credit of appellee. The Louisville Baseball Company did this by letter which was received by appellant, and in reply to which it wrote the following:

"As our Mr. A. B. Greene explained to Mr. Knebelkamp the foregoing will not mean we will sell this material and labor to you direct, but only serves to guarantee that if Thirlwell Electric Company does not pay us the $2,100.00 involved, you will do so."

After the delivery of the material to appellee, appellant attempted to collect its account from both appellee and the Louisville Baseball Company. On October 27, 1932, the Louisville Baseball Company wrote to appellant's attorney in regard to the indebtedness, and sent its note for the amount of the account payable in sixty days, saying in the letter: "We are attaching hereto our 60 day note, as suggested by you, to take care of our account" and "We thank you for this consideration, which will permit us to make some deals at the December baseball meeting, to enable us to take care of our current indebtedness." The note granted appellant the right to have judgment confessed by any attorney in the state of Ohio or elsewhere, and waived other rights not subject to waiver in Kentucky. Appellee was not a party to the note in any way.

Following the appointment of a receiver for the Louisville Baseball Company, appellant filed with the receiver verified proof of its claim upon the note issued to it by the Louisville Baseball Company. Appellant was paid $1,050 on the note, but has received no further payment.

The contract price for the entire work performed by appellee was $12,930.90. Of this amount appellee received only $1,000, which it had paid out for labor and material during the work. Appellant did not notify appellee that it had received the sixty-day note from the Louisville Baseball Company. Appellee went to that company for the purpose of having it issue notes to materialmen, and then learned that the sixty-day note had

been given to appellant of which it approved. After giving all the notes, the baseball company still owed appellee $2,771.74.

Appellant wrote appellee on June 13, June 23, and June 30, 1932, in regard to payment of the account. Appellee did not answer these letters, and appellant then took the matter up with the baseball company, and on October 27, 1932, obtained the sixty-day note for $2,100. No other correspondence seems to have passed between appellant and appellee during the year 1932. However, the sixty-day note not having been paid, appellant telegraphed appellee on January 10, 1933, asking for payment. In answer to the telegram, appellee wrote that they had delayed answering as they were trying to get in touch with the president of the Louisville Baseball Club to see if they could not make some arrangement with him so that the account may be closed, and added, "We also beg to state that we have not received our money from the Louisville Baseball Club, and that any suit entered at this time would be very disastrous as it might mean only a few cents on the dollar to the creditors, whereas a few months more time might iron this entire matter out satisfactory to all parties." On February 7, 1933, appellant again wrote to appellee and on the next day sent a telegram. On February 11, 1933, appellee answered both the letter and telegram, and referred in the letter to the fact that the Louisville Baseball Company was trying to settle with its creditors by giving bonds, and stating that he could not take the bonds off appellant's hands. The letter also contained the following: "We would only be too glad to see this matter settled, and wish we were in a financial position to do so."

In the spring of 1933 appellant put the matter in the hands of its attorney, and he wrote appellee several letters insisting on the payment of the account. Early in July, 1933, appellant's lawyer had a telephone conversation with Mr. Thirlwell of the appellee company in which Mr. Thirlwell said that his company was unable to pay the claim, and that appellant could not collect from his company by suit. In April, 1934, Mr. Thirlwell stated that he considered his company to have been released by appellant's acceptance of the note from the Louisville Baseball Company.

A novation is the substitution of a new obligation

for an old one, with intent to extinguish the old one, or the substitution of a new debtor for an old one, with the intent to release the latter, or the substitution of a new creditor, with the intent to transfer the rights of the old one to him. Kushner v. Knopf, 227 Ky. 369, 13 S. W. (2d) 271; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149. In every case the intent is the controlling element, and unless there was an intent to extinguish the old obligation or to release the old debtor, as the case may be, a novation is not effected. Another rule is that it is not necessary that the intent or the assent to the terms of the novation be shown by express words to that effect, but the same may be implied from the circumstances attending the transaction, and the conduct of the parties thereafter. Kushner v. Knopf, supra. Here there was no express agreement to substitute the Louisville Baseball Company for appellee, so the case turns on whether the intent may be inferred from the circumstances attending the transaction and the conduct of the parties thereafter. There being no dispute as to the facts, it is conceded by the parties that only a question of law is presented, and the case is one where a peremptory should have gone either for appellee or appellant. In support of the ruling below, appellee accentuates the following facts: Appellant was not willing to extend credit to appellee, but agreed to sell only on the guaranty of the baseball company. Appellant induced the baseball company to execute a promissory note directly to appellant. Appellee was not a party to the note, and its claim against the baseball company was reduced pro tanto. The note not being paid at maturity, appellant requested appellee to take bonds offered by the baseball company in settlement, but appellee refused. Appellant then proved its claim on the note in the receivership action involving the baseball company, and received a 50 per cent. dividend from that source before attempting to turn to appellee on the original claim. Having accepted the note of the baseball company to which appellee was not a party for the amount of appellee's debt, appellee surrendered property rights to that extent. Thereafter appellant prosecuted its rights on the note and appellee its rights only to the balance. Such conduct effected a legal novation. While the argument is ably pressed, we are not persuaded that the attendant circumstances and the conduct of the parties make out a case of novation. Before the material

418

was shipped, it was distinctly agreed between appellant and the baseball company that the baseball company would pay the account if appellee did not pay. On the faith of this obligation the material was furnished. After the completion of the work, appellant wrote three letters to appellee concerning payment therefor, but received no answer. It then applied to the baseball company to comply with its guaranty. The baseball company not being in position to pay at the time persuaded appellant to accept a sixty-day note for the amount of the claim. The note was due the latter part of December, and not having been paid appellant telegraphed appellee on January 10th following, and asked for payment. Appellee did not then claim that it was released from liability, and did not make the claim until several months later. As appellee had failed to pay, the baseball company was then liable on its guaranty. Being already liable, the note which it executed did not add in any way to its liability, but merely changed the form of its obligation. In the absence of an agreement to that effect, the taking of a note from one who has assumed the debt is not a novation releasing the old debtor; M. Gimble & Sons v. King, 43 Tex. Civ. App. 188, 95 S. W. 7; Beach, on Modern Law of Contracts sec. 786; Addison on Contracts p. 530; Pimental v. Marques, 109 Cal. 406, 42 P. 159; Stowell v. Gram, 184 Mass. 562, 69 N. E. 342; and it is not perceived in what way the taking of a note from one who has guaranteed the debt calls for the application of a different principle. We are therefore constrained to the view that the peremptory should have gone in favor of appellant instead of appellee.

Judgment reversed and cause remanded for a new trial consistent with this opinion.