In re Charles E. SANDERS, Marta L. Sanders, Debtors.

The PADUCAH BANK AND TRUST COMPANY, Plaintiff,

v.

Charles E. SANDERS, Marta L. Sanders d/b/a Charles E. Sanders Company, Defendants.

Bankruptcy No. 5–81–00209.

Adv. No. 5–82–0059.

United States Bankruptcy Court, W.D. Kentucky.

Feb. 4, 1983.

Charles M. Chaney, Paducah, Ky., for defendants-debtors.

K. Gail Russell, Paducah, Ky., for plaintiff.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

Plaintiff here seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d) alleging that it is a secured creditor on real estate owned by the debtors with an outstanding balance due of $28,434.58. It is further alleged that there are additional secured interests in the realty in question totaling $83,900.00, as well as execution liens in the amount of $25,394.14, for a total encumbrance on the property of $137,728.72. Plaintiff alleges that the current market value of the real estate is $70,000.00.

Plaintiff's secured interest attached on March 19, 1971, at which time the debtors executed a note in the amount of $28,000.00 as guarantors, individually securing said obligation by a second mortgage on the real estate here in question.

The debtors, by answer to the complaint as amended, admitted the execution of the note and mortgage as sureties and affirmatively state that the plaintiff released the debtors from any and all liabilities as sureties in the subsequent transactions which occurred in approximately 1977.

A trial was held on the issues presented, at which time the parties appeared by counsel, presented evidence, and thereafter submitted trial briefs in support of their respective positions. At the trial the note executed on March 19, 1971, and the bank records relating to the servicing of that account were introduced. It is uncontroverted that the note bears on its face an endorsement "Paid by Renewal," dated December 21, 1977, with markings striking through that endorsement. Further, this note at all times remained in the possession of the bank, and no new note was executed by the debtors at any time after March 19, 1971, relating to this loan transaction.

The bank, through its Executive Vice President, David York, testified that the endorsement of December 21, 1977, was affixed in error, and that in fact the note was never paid nor is there any history in the bank's records of a renewal in any form or manner by the debtors. He further testified that interest payments on this indebtedness were made by the debtors in August of 1978 in the sum of $278.98, and again in 1979 in the sum of $404.49, and that at no time did plaintiff release the debtors from this obligation, nor was the security interest by way of the real estate ever released.

The debtor, Charles Sanders, testified that at the inception of this debt in 1971, the debtors signed as sureties or guarantors individually, and granted the second mortgage security interest in the real estate. He further testified that the loan proceeds were received by a business entity in which he had an interest, and that it was his understanding that he was relieved of the liability on this note sometime in 1977. At no time did he request or demand that the mortgage interest of the plaintiff in the real estate be released. He further testified that sometime in 1975 he severed his business relationship with Sanders Brothers Landscape Contractors, the recipient of the loan proceeds, and at that time was assured by the remaining owners he would be held harmless for any liability on the note of March 19, 1971, here in question. He further argues that the endorsement of 12–21–77 on the original note evidences a recognition by the plaintiff of the release of his further liability therefor.

At issue is whether the note of March 19, 1971, was thereafter renewed or extended, and/or whether the plaintiff at any time subsequent to its execution released the debtors from liability thereon.

Although this action results from plaintiff's complaint to lift the automatic stay pursuant to 11 U.S.C. § 362 and § 361, the issues of plaintiff's right to proceed against the secured collateral, whether an equity

exists in said property, whether its retention is necessary to an effective reorganization, and the adequate protection question are not seriously challenged. Rather, the debtor defends against the relief sought on the basis that: (1) the promissory note has been paid and the security interest of the plaintiff thereby released; or (2) that the plaintiff released the debtor from any and all liability on said note.

The facts above cited clearly establish that the promissory note of March 19, 1971, was neither paid nor was the secured interest of the plaintiff in the debtor's property released. Of more challenging inquiry and determination is whether the plaintiff released the debtor from liability on the note.

 Such an affirmative defense as release or payment places the burden of proof on the debtor pursuant to Rule 8(c), Federal Rules of Civil Procedure. See *Sundstrand Corp. v. Standard Kollsman Industries, Inc.,* 488 F.2d 807, 813 (7th Cir.1973); and *Tormo v. Yormark,* 398 F.Supp. 1159, 1176–1177 (D.C.N.J.1975). Further, the existence of a novation cannot be presumed; it must be shown to have been intended by a clear preponderance of the evidence, and the burden of proof is placed on the party urging its existence. *Travis v. Central Surety & Ins. Corporation,* 117 F.2d 595 (5th Cir. 1941). To sustain his position then, the debtor must establish a novation or alternatively, as he argues on page (4) of his trial memorandum, that there was a renewal of the original obligation whereby the parties intentionally released the debtor from further liability. See *Cantrill Construction Company v. Carter,* 418 F.2d 705 (6th Cir. 1969).

"In Kentucky, the rule is that a renewal note does not extinguish the original obligation unless there is a novation." *Cantrill Construction Company v. Carter, supra,* at 707, citing *Porter v. Bedell,* 273 Ky. 296, 298, 116 S.W.2d 641 (1938).

"In the civil law, there are three kinds of novation: Where the debtor and creditor remain the same, but a new debt takes the place of the old one; where the debt remains the same, but a new debtor is substituted; where the debt and debtor remain, but a new creditor is substituted. *Wheeler v. Wardell,* 173 Va. 168, 3 S.E.2d 377, 380." *Black's Law Dictionary* (4th Ed.1968), p. 1213.

 It has been found that intent is the essential element in proving a novation. See *Cantrill Construction Company, supra,* at 707. Further, *Truscon Steel Co. v. Thirlwell Elec. Co.,* 265 Ky. 414, 96 S.W.2d 1023 (1936), elaborates by stating that a "novation is the substitution of a new obligation for an old one *with the intent to extinguish the old one,* or the substitution of a new debtor for an old one, *with the intent to release the latter,* or the substitution of a new creditor, *with the intent to transfer the rights of the old one to him.*" (Emphasis added.) *Id.* at 417, 96 S.W.2d at 1025.

The meaning and effect to the "Paid by Renewal" endorsement must be determined. The plaintiff insists the endorsement was affixed through mistake and inadvertence. In support, the official bank records reflect no change thereafter in the accounting entries, and in addition interest on the questioned note was paid on two occasions by the debtor with debtor's realty remaining as security for the payment of the indebtedness.

The Kentucky adoption of the Uniform Commercial Code, in KRS 355.3–605, states in pertinent part:

"(1) The holder of an instrument may even without consideration discharge any party

(a) . . .

(b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.

(2) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto."

See also *Citizens Fidelity Bank & Trust Co. v. Stark,* 431 S.W.2d 722 (Ky.App.1968), for the proposition that cancellation without surrender does not affect the title to the instrument, nor does it release the party from liability on the instrument.

 An agreement between joint obligors on a note to specifically hold harmless one of their number has no binding or legal

consequences as between any signator and the third party payee unless said payee (plaintiff) is on notice of and intentionally assents to those terms and conditions. See e.g., *In Re Levine,* 6 B.R. 54 (Bkrtcy., S.D. Fla.1981).

■ In the instant case where the security interest of plaintiff in the debtor's realty was never released; the debtor made two interest payments after the time of the alleged renewal or novation; no renewal note or instrument was ever executed; and no intent to effect a novation was proven, the debtor's actions militate toward a finding that there was no renewal, novation or release of the debtor's liability or obligation on the note in question.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, the debtor having failed to sustain the burden of proof as to the defenses asserted, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the automatic stay pursuant to 11 U.S.C. § 362 be and the same hereby is lifted as it relates to this plaintiff. This is a final order.