## EL PASO HILTON HOTEL CO. v. PEYTON et al.

### No. 2628.

Court of Civil Appeals of Texas. El Paso.
Feb. 11, 1932.

Rehearing Denied March 10, 1932.

O. R. Armstrong and Fryer & Cunningham, all of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellees.

## HIGGINS, J.

On April 10, 1930, appellant let to appellees, for five years, at a monthly rental of $250, storeroom No. 4, on the ground floor of the Hilton Hotel, then under construction according to plans of the hotel then prepared "to be used as a Radio Salesroom or Shop and not otherwise."

Upon the completion of the building, appellees, on November 7, 1930, moved into the storeroom and began to occupy and use the same as a radio salesroom. In the conduct of such business it was necessary for appellees to demonstrate radios which they had for sale by receiving programs which were being broadcast over broadcasting stations. It developed that the space was utterly unsuited for the purpose indicated. On December 3, 1930, appellees vacated the premises and later brought this action against the lessor to rescind the lease contract. In behalf of appellant the contract was negotiated by its agent Joe Goodell. The basis of the action was alleged false representations made by Goodell.

The appellant answered to the merits and filed a cross-action for past-due rental and to recover attorney's fees in accordance with the terms of the lease.

The issues presented by the pleadings are sufficiently indicated by the questions submitted to the jury. Such questions, with the answers returned, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that prior to the execution of the lease in question the agent of the defendant, Joe Goodell, represented to plaintiffs as a then existing fact, that the storeroom in the Hilton Hotel to be constructed, was of such nature and character that it would be suitable for the sale and demonstration of radios? Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that such representations were false? Answer: Yes.

"Question No. 3: Do you find from a preponderance of the evidence that such representations were made to induce plaintiffs to execute such lease? Answer: Yes.

"Question No. 4: Do you find from a preponderance of the evidence that the plaintiffs relied on the truth of such representations in executing and delivering the lease in question, if such representations were made and same were false? Answer: Yes.

"Question No. 5: Do you find from a preponderance of the evidence that such representations, if same were made, and if same were false, were a material inducement to the plaintiffs in entering into such lease contract? Answer: Yes.

"Question No. 6: Do you find from a preponderance of the evidence that prior to the 22nd day of November, 1930, plaintiffs knew of the falsity of such representations, if same were made and same were false? Answer: No.

"Question No. 7: What do you find from a preponderance of the evidence is a reasonable fee for the attorneys for the defendant in defending this cause, and prosecuting its cross-action? Answer: $100.00.

"Defendant's Special Requested Issue No. 1: (a) Do you find from the evidence that plaintiffs, at any time before November 22nd, 1930, knew the true condition of the leased premises, as to its suitability for radio purposes? Answer: No.

"(b) Could plaintiffs have ascertained at any time before November 22nd, 1930, by reasonable diligence, whether or not the leased premises were suitable for radio purposes? Answer: No.

"Defendant's Special Requested Issue No. 7: Do you find from a preponderance of the evidence that radio programs could be received in the store room in question in the usual and customary manner prevailing in the down town district of the City of El Paso, Texas. Answer: No.

"Defendant's Special Requested Issue No. 16: Do you find from the evidence that at the time of making such representations (if defendant's agent did make such representation) that actually and in good faith he (Joe Goodell) believed same to be true? Answer: Yes."

Judgment was rendered rescinding and canceling the lease.

Various propositions question the sufficiency of the evidence to support the judgment, it being asserted:

1. Appellees have not shown any pecuniary damages resulting from the alleged fraud.

2. The statement alleged to have been made by Goodell was the expression of an opinion and not actionable.

3. That under the circumstances appellees had no right to rely upon the representations made by Goodell.

4. That the right to rescind had been waived.

The testimony shows the room was let to be used for the purpose stated above and not otherwise, for five years, at a rental of $250 per month, and that it is unsuited for that purpose because of faulty reception preventing proper demonstration of radios offered for sale. Under these circumstances it is wholly inadmissible to say no damage is shown resulting from the fraud alleged.

As to the question whether Goodell's statements are to be regarded as mere expression of his own opinion, or an affirmation of fact, we think the evidence falls clearly within the rule announced by Justice Key in Cole v. Carter, 22 Tex. Civ. App. 457, 54 S. W. 914, 915, as follows: "As we understand the law upon the subject, if the representations made by the seller are intended and understood as the mere expression of an opinion, then the seller is not liable, although the representations may have been untrue. But when the representations, in whatever language they may be couched, are intended and understood as the affirmation of a fact material to the transaction and the purchaser relies upon them as true, the seller will be held liable if they be false; and when the representations are not in writing, and their purpose is not manifest and certain, the question should be left to the jury to determine whether or not the language used was intended and understood as the affirmation of a fact or the mere expression of an opinion."

As to the third contention, we are of the opinion that under the rule announced in Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808, and quoted with approval in Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900, the appellees had the right to rely upon Goodell's representation as to the suitability of the room in question for the purpose it was intended, and that it cannot be held as a matter of law that appellees had no right to rely upon such representation.

The issue of waiver was submitted in question 6, and defendant's requested issue No. 1, and found in favor of the appellees. The evidence supports such findings.

Complaint is made of argument of counsel. We incline to the view that the argument is unobjectionable and in any event think it is not reversible.

Another proposition submitted is that no warranty is implied that the room was suitable for the use intended. This is immaterial, as the action is not based upon the theory of an implied warranty but upon fraud.

The complaint made as to the inadequacy of the attorney's fee, fixed by the seventh finding, is likewise immaterial in view of the fact that the other findings establish the right of appellees to rescission.

Affirmed.